THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY L. ARMSTRONG, Defendant-Appellant.

Second District   No. 2—97—0560

Opinion filed June 22, 1998.

Peter B. Nolte, of Rockford, for appellant.

Val Gunnarsson, State's Attorney, of Mt. Carroll (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

Following a bench trial, the defendant, Gary L. Armstrong, was convicted of aggravated criminal sexual assault (count I) (720 ILCS 5/12—14(b)(i) (West 1994)), aggravated criminal sexual abuse (count II) (720 ILCS 5/12—16(c)(1) (West 1994)), and predatory criminal sexual assault of a child (count III) (720 ILCS 5/12—14.1(a)(1) (West Supp. 1995)). The trial court denied the defendant's motion for a new trial and sentenced the defendant to a term of 15 years' imprisonment for count I and concurrent terms of 7 years for count II and 15 years for count III.

The defendant timely appeals, arguing that, since the State failed to produce corroborating evidence of the defendant's criminal conduct at the pretrial reliability hearing on the admissibility of certain hearsay statements (see 725 ILCS 5/115—10 (West 1996)), the trial court erred in finding that the statements were admissible as statutory exceptions to the hearsay rule. We disagree. We affirm the judgment.

We recite only a few salient facts sufficient to an understanding of our disposition of this appeal. The complainant, T.B., was born in October 1988 and is the natural daughter of the defendant's wife Sonya. T.B. made certain statements to third parties regarding the defendant's sexual conduct with her. Following a pretrial reliability hearing, the trial court found the statements sufficiently reliable to be admissible as exceptions to the hearsay rule and to allow them to be used at the trial as evidence of the defendant's guilt.

At the reliability hearing, the State presented the testimony of Viola (T.B.'s grandmother), who testified regarding T.B.'s reaction to a naked man they had inadvertently seen on television. T.B. related that she had seen a naked man before and that she had taken a shower with the defendant. The defendant had her hold his penis, and he also kissed her "down below" in the vaginal area. Sonya, the defendant's wife and the mother of T.B., testified that she saw T.B. masturbating in the living room. Sonya testified regarding T.B.'s accounts to her about four incidents involving the defendant's sexual behavior with T.B. Mark Thatcher of the Illinois State Police and Jim Faivre of the Department of Children and Family Services testified regarding T.B.'s statements to them about the defendant's sexual acts with her.

At the trial, when T.B. began to testify, she became emotionally upset when questioned about the defendant's sexual contacts with her, and the trial court declared her an unavailable witness. The other witnesses testified concerning T.B.'s statements to them.

Additionally, Thatcher testified about an interview he had with the defendant in the presence of Special Agent Paula Vercillo at the Mount Morris police department. The defendant consented to a taped interview in which he described taking a bath with T.B. in August 1995. He admitted that he asked her to wash him in his "private area" and that, when she washed his penis "up and down," he got an erection. He related another incident in which he took a shower with T.B. and she washed him everywhere, including his "private area," and he got an erection. He also washed her "private area." The defendant denied that he penetrated her vagina with his fingers, but admitted that he separated the lips of her vagina. He told her not to tell her mother about the incident. The defendant also related another incident in which he put his hand inside T.B.'s underwear, touched her in the private area between her legs, and got an erection. He realized that what he was doing was wrong. In yet another incident, while wrestling on the floor with T.B., the defendant removed T.B.'s pants and underwear, he put his mouth between her legs, licked between the folds of her vagina, and began to get an erection. The defendant's recorded statement was admitted into evidence at trial.

It appears that the defendant did not make specific objections to the admission of the out-of-court statements at the trial, and, in his posttrial motion, he only objected generally to the admission of the hearsay statements. The main thrust of his objection regarding the statements was that the child was deemed "unavailable" to testify. However, on appeal, the defendant now argues that the State was required to produce corroborating evidence of the offenses at the reliability hearing rather than at the trial. This issue is technically waived because the defendant failed to preserve it by raising it specifically in his posttrial motion. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988).

■ Even if the issue is not waived, the defendant's argument is without merit. Under the child hearsay exception found in section 115—10 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115—10 (West 1996)), a child is deemed unavailable to testify for purposes of this statutory hearsay exception when the child is found emotionally unable to testify. *People v. Rocha*, 191 Ill. App. 3d 529, 537 (1989). Thus, the court properly found that T.B. was unavailable to testify.

■ Furthermore, we conclude that the State was only required to provide corroborating evidence at the trial, rather than at the reli-

ability hearing. Section 115—10 of the Code provides, as an exception to the hearsay rule, that a child's statements to others concerning sex crimes perpetrated against her are admissible so long as the time, content, and circumstances of the statements provide sufficient safeguards of reliability and the child testifies at the proceedings, *or the child is unavailable and there is corroborating evidence of the act that is the subject of the statement. People v. Courtney*, 288 Ill. App. 3d 1025, 1035 (1997); 725 ILCS 5/115—10 (West 1996). A reviewing court will not disturb the trial court's finding of reliability unless the trial court abuses its discretion. *Courtney*, 288 Ill. App. 3d at 1035. The statute requires the trial court to conduct a reliability hearing outside the presence of the jury, and the child must either testify at the "proceeding" or be unavailable as a witness. 725 ILCS 5/115—10(b) (West 1996); *People v. Back*, 239 Ill. App. 3d 44, 53 (1992). However, the testimony of the child, or the corroborating evidence where the child is unavailable, is required not at the reliability hearing, but at the trial "proceeding." *People v. Embry*, 249 Ill. App. 3d 750, 761 (1993); *Back*, 239 Ill. App. 3d at 53. It would make little sense to require both the child's testimony and the corroborating evidence to make use of this exception to the hearsay rule at the trial. The corroborating testimony only becomes important at the trial—when the child witness becomes unavailable.

Here, the child's out-of-court statements were found reliable by the trial court, and the defendant has not specifically enumerated why they were unreliable. We therefore need not analyze the statements in terms of the usual reliability factors in order to determine whether the trial court abused its discretion. The defendant argues only that the State was required to produce corroborating evidence at the reliability hearing. We disagree. The State presented corroborating evidence at the trial—where it was needed—in the form of the defendant's own incriminating confession to the officers. Furthermore, the defendant testified and was cross-examined at the trial. We conclude that there was sufficient corroborating evidence to satisfy the statutory requirement. See *Embry*, 249 Ill. App. 3d at 761 (corroborative evidence existed in the form of the defendant's own inculpatory statements).

Accordingly, the judgment of the circuit court of Carroll County is affirmed.

Affirmed.

McLAREN and DOYLE, JJ., concur.