THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY L. ARMSTRONG, Defendant-Appellant.

Second District No. 2—99—0352

Opinion filed December 22, 2000.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Joshua Sachs, of Chicago, for appellant.

Scott Brinkmeier, State's Attorney, of Mt. Carroll (Martin P. Moltz and

Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

After a bench trial, defendant, Gary L. Armstrong, was convicted of aggravated criminal sexual assault (720 ILCS 5/12—14(b)(1) (West 1994)); aggravated criminal sexual abuse (720 ILCS 5/12—16(c) (West 1994)); and predatory criminal sexual assault of a child (720 ILCS 5/12—14.1(a)(1) (West 1996)). He was sentenced to concurrent prison terms of, respectively, 15 years, 7 years, and 15 years. On direct appeal, this court affirmed. *People v. Armstrong*, 297 Ill. App. 3d 46 (1998). Defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1998)), seeking relief on a variety of grounds. The trial court dismissed the petition summarily, and defendant timely appeals.

On appeal, defendant argues that the dismissal was erroneous because he stated valid claims that (1) he was denied the effective assistance of trial counsel; and (2) his conviction of predatory criminal sexual assault of a child is void because the statute creating the offense is unconstitutional. The State confesses error on the second issue.

We hold that (1) the trial court correctly concluded that defendant did not state the gist of a meritorious claim that his trial counsel was ineffective; and (2) defendant is correct that his conviction of predatory criminal sexual assault of a child is void. Therefore, we affirm in part, reverse in part, and vacate the conviction of predatory criminal sexual assault of a child.

■ To avoid the summary dismissal of his *pro se* petition, defendant must allege sufficient facts to state the gist of a meritorious claim that he was deprived of a constitutional right. *People v. Donley*, 314 Ill. App. 3d 671, 673-74 (2000). Our review is *de novo. People v. Coleman*, 183 Ill. 2d 366, 389 (1998).

■ Defendant argues first that he stated a valid claim that his trial counsel was ineffective. To prevail on such a claim, a defendant must show that his trial counsel's performance was objectively unreasonable and that there is a reasonable probability that, but for counsel's deficiencies, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984); *People v. Cunningham*, 309 Ill. App. 3d 824, 828 (1999).

■ Defendant asserts that he sufficiently alleged that his trial counsel was ineffective in failing to call the minor victim's social worker. According to the petition, the social worker would have testi-

fied that she told the victim's mother that, after several months of counseling, the victim needed no further counseling because she showed no signs of any of the trauma normally associated with sexual abuse victims. Defendant's petition alleges that this failure prejudiced him because, at the least, the evidence "would have been vital to [the] sentencing hearing to rebut [the] State's Attorney's *** comments that defendant may well have killed [the] victim, as defendant has ruined [the] victim's entire life." The petition does not support this claim with any affidavits other than one in which defendant himself states only that the petition's allegations are true.

We agree with the trial court that defendant's petition does not state the gist of a meritorious claim that his counsel was ineffective. The petition does not plead facts that would establish either unreasonable representation or prejudice. Crucially, the petition attaches no affidavit from the would-be witness (or anyone who may have heard her comment) stating that she would in fact testify as the petition asserts. See *People v. Lester*, 261 Ill. App. 3d 1075, 1078 (1994). We have only defendant's word that the social worker said what he claims. Also, defendant can only speculate that his sentences might have been different had the trial court heard the witness repeat her out-of-court comment.

■ Defendant next argues that his conviction of predatory criminal sexual assault of a child is void and must be vacated. The State confesses error, and we agree. The offense of criminal predatory criminal sexual assault of a child was created by Public Act 89—428. See Pub. Act 89—428, art. 2, § 265, eff. December 13, 1995. In *Johnson v. Edgar*, 176 Ill. 2d 499 (1997), the supreme court held that this statute was void. Thus, in *People v. Tellez-Valencia*, 188 Ill. 2d 523 (1999), the court held that an indictment, a conviction, and a sentence based on Public Act 89—428 are all void. Defendant's conviction of predatory criminal sexual assault is void and must be vacated. .

■ We must still decide precisely what relief to grant defendant. Defendant asks us to reverse the summary dismissal of his petition and remand the cause so that the trial court may appoint counsel for defendant and conduct further proceedings on the petition as a whole, including his claim that his trial counsel was ineffective. Defendant relies on *People v. Rivera*, 315 Ill. App. 3d 454 (2000), *appeal allowed*, 191 Ill. 2d 553 (2000), and *People v. Noel*, 291 Ill. App. 3d 541 (1997), two Third District opinions holding that the Act does not allow the trial court to grant partial dismissals of postconviction petitions. The State responds that, although the trial court may not be authorized to enter a partial summary dismissal of a postconviction petition, a court of review may grant partial relief on an appeal from the dismissal of a

postconviction petition *in toto*. The State urges that, in the interests of judicial economy, we reverse the judgment in part and vacate defendant's invalid conviction without remanding the cause. We agree with the State.

We shall not examine the soundness of the *Noel-Rivera* rule, an issue now before our supreme court. We believe that these opinions do not require us to remand this cause for further proceedings on a postconviction petition that raises one or more patently frivolous contentions and one contention that is clearly correct as a matter of law. We agree with *Rivera*'s statement that neither Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) nor any other rule allows an immediate appeal from an order that dismissed part of a postconviction petition but allowed the rest of the petition to proceed to the next stage in the hearing process. See *Rivera*, 315 Ill. App. 3d at 458. However, whether the Act allows the trial court to enter such an order in the first place is a question we do not answer now. The order here dismissed the postconviction petition entirely.

We see no reason why this court may not affirm the trial court in part, reverse the trial court in part, and enter the relief to which defendant is entitled as a matter of law. See 134 Ill. 2d R. 615(b). Considerations of judicial economy obviously militate in favor of doing so; there is no reason to remand the cause for a foregone conclusion. As defendant suggests, our resolution of this appeal, like a partial dismissal at the trial level, does deprive defendant of an opportunity to obtain counsel to redraft the part of the petition that the trial court properly ruled was patently frivolous. See *Rivera*, 315 Ill. App. 3d at 457-58. All that defendant "loses" is the proverbial second bite at the apple. Fairness does not entitle him to a second chance to present an argument that his *pro se* petition could not shape into the gist of a valid claim at the first stage of the proceeding. Even if the Act does not allow the trial court to enter a partial dismissal of a postconviction petition, there is no reason this court may not partly affirm and partly deny the dismissal *in toto* of a postconviction petition.

We affirm the judgment of the circuit court of Carroll County insofar as it summarily dismissed the claim that defendant's counsel was ineffective. We reverse the judgment's summary dismissal of the petition insofar as the petition asserts that defendant's conviction of predatory criminal sexual assault of a child is void. As that conviction is void, we vacate defendant's conviction of predatory criminal sexual assault of a child. We note that double jeopardy does not attach to the

alleged transaction that we now vacate. See *People v. Tellez-Valencia*, 295 Ill. App. 3d 122, 128 (1998).

Affirmed in part and reversed in part; underlying judgment vacated in part.

GEIGER and HUTCHINSON, JJ., concur.