THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY L. ARMSTRONG, Defendant-Appellant.

Second District    No. 2—99—0352

Opinion filed April 18, 2002.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Joshua Sachs, of Chicago, for appellant.

Scott L. Brinkmeier, State's Attorney, of Mt. Carroll (Martin P. Moltz and Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

After a bench trial, defendant, Gary L. Armstrong, was convicted of aggravated criminal sexual assault (720 ILCS 5/12—14(b)(1) (West 1994)); aggravated criminal sexual abuse (720 ILCS 5/12—16(c) (West 1994)); and predatory criminal sexual assault of a child (720 ILCS 5/12—14.1(a)(1) (West 1996)). He was sentenced to concurrent prison terms of, respectively, 15 years, 7 years, and 15 years. On direct appeal, this court affirmed. *People v. Armstrong*, 297 Ill. App. 3d 46 (1998). Defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1998)), seeking relief on a variety of grounds. The trial court dismissed the petition summarily, and defendant appealed. In *People v. Armstrong*, 317 Ill. App. 3d 877 (2000), we affirmed in part, reversed in part, and vacated in part. In the exercise of its discretionary authority, our supreme court directed this court to vacate its ruling in *People v. Armstrong*, 317 Ill. App. 3d 877 (2000), and reconsider the case in light of *People v. Rivera*, 198 Ill. 2d 364 (2001). After due consideration of *Rivera*, we reverse in part, remand in part, and vacate in part.

On appeal of the trial court's summary dismissal of his postconviction petition, defendant argued that the dismissal was erroneous because he stated valid claims that (1) he was denied the effective assistance of trial counsel; and (2) his conviction of predatory criminal sexual assault of a child is void because the statute creating the offense is unconstitutional. The State confessed error on the second issue.

■ The State has agreed that defendant's conviction of predatory criminal sexual assault of a child is void. Therefore, defendant's conviction of predatory criminal sexual assault is vacated. Now, we must decide what relief to grant defendant with respect to the summary dismissal of his postconviction petition, including his claim of ineffective assistance of counsel.

Defendant asks us to reverse the summary dismissal of his petition and remand the cause so that the trial court may appoint counsel for defendant and conduct further proceedings on the petition as a whole, including his claim that his trial counsel was ineffective. The State urges that, in the interests of judicial economy, we reverse the judgment in part and vacate defendant's invalid conviction without remanding the cause.

In *Rivera*, 198 Ill. 2d 364, our supreme court addressed the ap-

plication of section 122—2.1 in the context of postconviction petitions that present multiple allegations. 725 ILCS 5/122—2.1 (West 1998). The *Rivera* court resolved the question, "What should be done with a noncapital post-conviction petition that contains multiple allegations— some of which are 'frivolous' or 'patently without merit' and some of which cannot be said to be either?" (Emphasis omitted.) *Rivera*, 198 Ill. 2d at 370.

In *Rivera*, the postconviction petition alleged six violations of the defendant's constitutional rights. The trial court dismissed four claims as frivolous or patently without merit. However, the defendant's allegation that the interpreter provided during trial did not adequately translate and the allegation that both trial and appellate attorneys provided ineffective assistance of counsel survived. The trial court found that defendant had stated the gist of a meritorious claim and advanced only those two surviving claims to the second stage of the postconviction process.

■ In *Rivera*, our supreme court held that partial summary dismissals are not permitted under the Act, stating as follows:

> "Clearly, the Act does not speak in terms of dismissing individual claims that are either frivolous or patently without merit; the statute speaks solely in terms of the petition itself being frivolous or patently without merit, and the Act mandates that if the petition is not dismissed under section 122—2.1, then the trial court shall order the petition docketed. *** Under the plain language of the Act, in cases such as this, the circuit court must docket the entire petition, appoint counsel, if the petitioner is so entitled, and continue the matter for further proceedings in accordance with sections 122—4 through 122—6. The State is then given the opportunity to answer or otherwise plead." *Rivera*, 198 Ill. 2d at 371.

Consistent with *Rivera*, our appellate review of a postconviction petition containing multiple allegations will adhere to the *Rivera* holding that the Act does not provide for partial dismissals. As noted in *Rivera*, the Act "speaks solely in terms of the petition itself being frivolous or patently without merit, and the Act mandates that if the petition is not dismissed under section 122—2.1, then the trial court shall order the petition docketed." (Emphasis omitted.) *Rivera*, 198 Ill. 2d at 371.

■ In this case, we are prepared to address individually the claim raised in defendant's postconviction petition that trial counsel was ineffective for failing to call the minor victim's social worker at trial. We believe, however, that *Rivera* precludes us from doing so. Since the State has agreed that defendant's conviction of the predatory criminal sexual assault of a child is void, thus implicitly agreeing that the

second allegation of the petition was meritorious, *Rivera* requires the entire petition to be advanced to the second stage of the postconviction process.

Because defendant's postconviction petition is not frivolous or patently without merit, the circuit court must docket the entire petition, appoint counsel if petitioner is so entitled, and continue the matter for further proceedings in accordance with sections 122—4 through 122—6 of the Act.

Vacated in part and reversed in part; cause remanded in part.

HUTCHINSON, P.J., and GEIGER, J., concur.