14 June 2000

 No. 3--98--0295

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2000 

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 13th Judicial Circuit,

 ) La Salle County, Illinois,

Plaintiff-Appellee, ) 

 )

v. ) No. 92--CF--509

 ) 

ERNESTO RIVERA, ) Honorable

                                ) Cynthia Raccuglia,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

PRESIDING JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

The defendant, Ernesto Rivera, was convicted of controlled substance trafficking (720 ILCS 570/401.1 (West 1992)) and sentenced to 40 years in prison.  Subsequently, he filed a post-

conviction petition which was, in part, summarily dismissed.  At the second stage, more of the defendant’s allegations were dismissed.  Finally, relief was denied following an evidentiary hearing.  On appeal, the defendant contends that the trial court erred in entering partial dismissals of his post-conviction petition.  We agree and remand the matter to the trial court for further proceedings consistent with this opinion.

The defendant is a Spanish-speaking Mexican American.  He was charged with bringing more than 900 grams of cocaine into the State of Illinois with the intent to deliver the cocaine.  His motion to suppress was denied.  A jury found him guilty.  He was sentenced to 40 years in prison and a street value fine of $1,774,290 was imposed upon him.  The defendant’s sentence was affirmed on appeal.  
People v. Rivera
, No. 3--93--0648 (1995) (unpublished order under Supreme Court Rule 23).

Thereafter, the defendant filed a 
pro
 
se
 post-conviction petition alleging six violations of his constitutional rights.  The defendant alleged that: (1) his interpreter had not adequately translated the proceedings for him; (2) the sentencing statute under which he was sentenced was unconstitutional; (3) his prison sentence and street-value fine were excessive; (4) the trial court erred in denying his motion to suppress; (5) his consent to search was coerced; and (6) both his trial and appellate attorneys rendered ineffective assistance.  The trial judge dismissed claims (2) through (5) as frivolous and patently without merit.  However, she determined that the defendant had stated the gist of a meritorious claim in both (1) and (6).  Therefore, the court appointed an attorney to represent the defendant at the second stage of the post-conviction process.

The defendant moved 
pro
 
se
 to amend his post-conviction petition.  He wanted to add two claims.  Claim (7) argued that the defendant had been prejudiced by gender bias on the jury.  In claim (8), the defendant claimed that he had been denied his right to testify on his own behalf.  The defendant’s appointed counsel filed an amended post-conviction petition on the defendant’s behalf.  This petition alleged incompetence on the part of the defendant’s interpreter, ineffective assistance on the part of the defendant’s attorneys, and excessive sentencing.

The State moved to dismiss the defendant’s amended petitions.  The trial judge dismissed all the claims except the defendant’s contention that his interpreter had been incompetent.  That issue was scheduled for an evidentiary hearing.

During the time before the evidentiary hearing, the matter was continued several times at the request of the defendant’s attorney because a transcript of the trial proceedings was not available.  Once the transcript became available, the defendant’s post-conviction attorney had it translated into Spanish and delivered to the defendant for his review.  After this delay, the matter proceeded to a hearing.

At the hearing, the defendant’s trial attorney testified that he was unaware of any problems the defendant was having in understanding what was going on at the trial.  Had the attorney been aware, he stated, he would have made things clear for the defendant.  The defendant’s interpreter testified that she had no difficulty translating for the defendant.  She was also unaware that the defendant was confused by the trial.  If she had known that the defendant was confused, she would have stopped the proceedings until things could be clarified or a new interpreter could be appointed.  The defendant testified that he only understood approximately 50% of the trial proceedings.  He claimed that the interpreter spoke too quickly and refused to slow down.  The proceedings moved so quickly, according to the defendant, that he did not feel he could interrupt to seek clarification.

After hearing the evidence, the trial court found that the defendant had not proved that his interpreter was incompetent, only that he failed to understand some of the proceedings.  The judge further found that the defendant had ample opportunity to stop the proceedings and ask for clarification if he needed it.  Consequently, the court denied the defendant’s post-conviction petition.

The defendant argues first on appeal that the trial court erred in entering partial dismissals of his post-conviction petition.  He relies on 
People v. Noel
, 291 Ill. App. 3d 541, 684 N.E.2d 414 (1997).

In 
Noel
, the trial court dismissed one paragraph of the defendant’s post-conviction petition because the allegations contained in that paragraph were frivolous and patently without merit.  However, the decision was made after the expiration of the 90-day period for dismissing claims on that basis.  The trial court allowed an evidentiary hearing on a separate allegation of the petition.  Following the evidentiary hearing, the court denied the defendant relief.

On appeal, this court reversed the initial dismissal of the allegation of the defendant’s petition because the court acted outside the 90-day period for effecting such a dismissal.  
Noel
, 291 Ill. App. 3d at 544, 684 N.E.2d at 416.  The denial of relief following the evidentiary hearing was affirmed.  
Noel
, 291 Ill. App. 3d at 544, 684 N.E.2d at 416.  In a final paragraph, the court cautioned against partial dismissal of post-conviction petitions, noting that partial dismissals could lead to piecemeal appeals.  
Noel
, 291 Ill. App. 3d at 544, 684 N.E.2d at 416.

In 
Noel
, we alluded to the problems we could foresee by allowing partial dismissals of post-conviction petitions.  The facts of the case at bar allow us to determine that those problems should preclude the continued practice of partial dismissals.

A post-conviction proceeding is meant to inquire into the constitutional phases of the defendant's conviction which have not previously been investigated.  
People v. Albanese
, 125 Ill. 2d 100, 531 N.E.2d 17 (1988).  To survive a dismissal at the first stage, a 
pro
 
se
 post-conviction peti­tion need only present the gist of a meritorious claim.  
People v. Marks
, 239 Ill. App. 3d 178, 607 N.E.2d 286 (1993).

Nowhere in the Post-Conviction Hearing Act (the Act) is there any provision which would allow a trial court to determine that some aspects of the defendant’s petition state the gist of a meritorious claim and others do not.  See 725 ILCS 5/122--1 
et
 
seq
. (West 1998).  Instead, the trial court must examine the petition as a whole and determine whether, as a whole, the petition states the gist of a meritorious claim.  See 725 ILCS 5/122--2.1 (West 1998). 
 
If it does, then the petition--as a whole--must proceed to the second stage,
 where counsel is appointed to review the petition for the defendant and make any changes counsel deems necessary.  725 ILCS 5/122--4 (West 1998).

If we were to allow a trial court to dismiss part of a post-

conviction petition and allow part of the petition to advance to the second stage of the proceedings, the attorney appointed to represent the defendant might believe that he was barred from raising any of the issues dismissed.  He might believe so even though his knowledge of the law and the facts of the case would allow him to plead that issue with sufficient specificity to withstand judicial scrutiny. 

In addition, we note that section 122--2.1 of the Act provides that the dismissal of a post-conviction petition on the grounds that it is frivolous and patently without merit is a final judgment.  See 725 ILCS 5/122--2.1(a)(2) (West 1998).  However, it is unclear whether any appeal could be taken from that judgment if part of the petition has advanced to the second stage.  Supreme Court Rule 304(a) (155 Ill.2d R. 304(a)), which allows for appeal from final judgments as to fewer than all claims raised in a proceeding, does not apply to criminal proceedings.  See 
People v. McGary
, 120 Ill. App. 2d 170, 256 N.E.2d 374 (1970).

In short, we hold that the Act does not provide for partial dismissals of post-conviction petitions and that justice and judicial economy would be better served if such dismissals were not allowed.  When a defendant has stated the gist of a meritorious claim in his 
pro
 
se
 post-conviction petition, he is entitled to the appointment of counsel who can reasonably articulate his claims to the court.  To the extent that 
Noel
 may have been interpreted to approve of the practice of partial dismissals, 
Noel
 is overruled.

Having determined, then, that the defendant’s post-

conviction petition must survive as a whole or be dismissed as a whole, we note that the trial court determined that the defendant’s petition stated the gist of a meritorious claim.  Therefore, the whole of the petition should have survived to the second stage.  Because it did not, we must remand the matter for further proceedings regarding the claims made by the defendant in his 
pro
 
se
 petition.  The trial court is directed to appoint counsel to represent the defendant and to proceed as though none of the proceedings which followed the partial dismissal had taken place.

The judgment of the circuit court of La Salle County is reversed and the matter remanded for further proceedings.

Reversed and remanded.

HOLDRIDGE and HOMER, J.J., concur.