(No. 89884.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ERNESTO RIVERA, Appellee.

*Opinion filed December 6, 2001.—Rehearing denied February 4, 2002.*

FITZGERALD, J., specially concurring.

James E. Ryan, Attorney General, of Springfield, and Michael T. James, State's Attorney, of Ottawa (Joel D. Bertocchi, Solicitor General, William L. Browers and Michael Hoard, Assistant Attorneys General, of Chicago, and Norbert J. Goetten and John X. Breslin, of the Office of the State's Attorneys Appellate Prosecutor, and Julie Madison Angus, all of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Santiago A. Durango, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

We granted leave to appeal (177 Ill. 2d R. 315(a)) in this case in order to decide whether the circuit court may, during the summary stage of a post-conviction proceeding, partially dismiss some claims raised in a post-conviction petition while advancing other claims raised in the same petition to the second stage of the proceeding. In this case, the circuit court believed that it could proceed in such fashion. The appellate court disagreed, holding that a "defendant's postconviction petition must survive as a whole or be dismissed as a whole." 315 Ill. App. 3d 454, 458. We now affirm the appellate court's judgment in part and remand the case to that court for further proceedings.

## BACKGROUND

After a trial in the circuit court of La Salle County, a jury found defendant, Ernesto Rivera, guilty of controlled substance trafficking. 720 ILCS 570/401.1 (West 1992). Defendant received a prison sentence of 40 years. He was also fined $1,774,290, which represented the street value of the cocaine involved in the trafficking. The appellate court affirmed the convictions on direct appeal. *People v. Rivera*, 268 Ill. App. 3d 1124 (1995).

Defendant then filed a *pro se* petition for post-conviction relief pursuant to the Illinois Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 1998)). The petition alleged six violations of defendant's constitutional rights. Specifically, defendant alleged that (i) the interpreter provided to him during the trial did not adequately translate the proceedings for him, (ii) the sentencing statute under which he had been sentenced was unconstitutional, (iii) his prison sentence and street value fine were excessive, (iv) the circuit court erred in denying his motion to suppress, (v) his consent to search was coerced, and (vi) both his trial and appellate attorneys provided him ineffective assistance of counsel. The circuit court dismissed claims (ii) through (v) as frivolous or patently without merit. See 725 ILCS 5/122—2.1 (West 1998). However, the court found that defendant had stated the gist of a meritorious claim in both claims (i) and (vi). The court appointed an attorney to represent defendant and advanced claims (i) and (vi) to the second stage of post-conviction review.

Subsequently, defendant moved *pro se* to amend his petition, stating that he wanted to add two claims. Defendant argued that he had been prejudiced by gender bias on the jury and that he had been denied his right to testify in his own behalf. Defendant's appointed counsel then filed an amended post-conviction petition on defendant's behalf. This petition alleged incompetence on the part of defendant's interpreter, ineffective assis-

tance of counsel on the part of defendant's attorneys and extensive sentencing.

The State moved to dismiss the amended petitions. The circuit court dismissed all of the claims except for defendant's contention that the interpreter was incompetent. The court ordered that an evidentiary hearing be held as to that issue.

At the conclusion of the evidentiary hearing, the circuit court found that defendant had not proved that his interpreter was incompetent, only that he failed to understand some of the proceedings. The judge further found that defendant had the opportunity to stop the proceedings and ask for clarification if defendant so desired. For these reasons, the circuit court denied defendant post-conviction relief.

Defendant appealed. He argued, as an initial matter, that the circuit court erred in entering the partial dismissals of his post-conviction petition. The appellate court agreed, holding that the Act does not provide for partial dismissals and that, as a result, defendant's entire petition should have survived to the second stage. Because the matter did not proceed in that fashion, the court stated that the cause had to be remanded "for further proceedings regarding the claims made by the defendant in his *pro se* petition. The trial court is directed to appoint counsel to represent the defendant and to proceed as though none of the proceedings that followed the partial dismissal had taken place." 315 Ill. App. 3d at 458. This appeal followed.

## ANALYSIS

The positions of the parties in this case are relatively straightforward. The State maintains that the circuit court may, under the Act, summarily dismiss portions of a post-conviction petition as frivolous or patently without merit because the Act does not expressly prohibit such an action. Defendant responds that such dismissals are

not permitted because the Act neither expressly permits nor provides for them. In light of this, the question presented in this case is one of statutory interpretation and, as such, our standard of review is *de novo*. *King v. Industrial Comm'n*, 189 Ill. 2d 167 (2000).

The Illinois Post-Conviction Hearing Act provides a mechanism by which those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. See 725 ILCS 5/122—1 *et seq.* (West 1998). Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the original proceeding took place. Prior to November 23, 1983, the Act provided that a post-conviction proceeding was commenced by filing a petition with the clerk of the court in which the conviction in question took place. The clerk was required to docket the petition and bring it to the attention of the court (Ill. Rev. Stat. 1981, ch. 38, par. 122—1), which would then appoint counsel to represent the petitioner if the petitioner so requested. Ill. Rev. Stat. 1981, ch. 38, par. 122—4. At that point, the State was then required to answer the petition or move to dismiss it. Ill. Rev. Stat. 1981, ch. 38, par. 122—5.

The General Assembly amended the Act in 1983 by adding section 122—2.1, which is the section at issue in this case. As a result of the 1983 amendment, petitioners were no longer entitled to the assistance of counsel in drafting their post-conviction petitions. When a petitioner, whether under sentence of death or not, filed a post-conviction petition, the trial court was directed by section 122—2.1 to determine whether the petition was "frivolous" or was "patently without merit." Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a). If the trial court found the petition to be frivolous or patently without merit, the statute directed the trial court to dismiss it.

Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a). If the petition was not dismissed, the statute directed the trial court to order that the petition be docketed for further proceedings pursuant to sections 122—4 through 122—6 of the Act. Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(b). Once so docketed, section 122—4 provided the means for a trial court to appoint counsel if the court was "satisfied that the petitioner has no means to procure counsel." Ill. Rev. Stat. 1985, ch. 38, par. 122—4. If a petition survived dismissal pursuant to section 122—2.1, the statute directed that the State answer or move to dismiss the petition. Ill. Rev. Stat. 1985, ch. 38, par. 122—5.

Thus, the biggest change wrought to the Act by virtue of the 1983 amendment was that counsel was appointed to an indigent petitioner only *after* the court initially reviewed the petition and only if the court did not dismiss the petition on the ground of frivolity. Also, the State was permitted to answer or move to dismiss the petition only after the court made an order pursuant to section 122—2.1.

Further change occurred in 1989, when the General Assembly amended the newly created section 122—2.1. As a result of the 1989 change, the statute now provides that if a post-conviction petitioner is under sentence of death, the trial court shall appoint counsel to assist the petitioner in preparing the petition if the petitioner lacks funds to procure counsel. 725 ILCS 5/122—2.1(a)(1) (West 1998); see also *People v. Brisbon*, 164 Ill. 2d 236, 242-43 (1995) (discussing the Act's differing procedures for prisoners under sentence of death and those sentenced to imprisonment). The amendment also created section 122—2.1(a)(2), which currently provides that if a petitioner is sentenced to imprisonment and the trial court determines that the petition is "frivolous" or is "patently without merit," the trial court shall dismiss the petition. 725 ILCS 5/122—2.1(a)(2) (West 1998). If

the petition is not dismissed pursuant to section 122—2.1(a)(2), then the trial court is to "order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6." 725 ILCS 5/122—2.1(b) (West 1998). Accordingly, the trial court may appoint counsel to an indigent non-capital petitioner if the petition survives the summary dismissal stage. See 725 ILCS 5/122—4 (West 1998). Therefore, after January 1, 1990, a trial court could no longer dismiss a capital litigant's petition on the basis of frivolity. However, non-capital litigants still had to survive the trial court's frivolity determination in order to further proceed under the Act and to receive the appointment of counsel if the petitioner lacked funds to procure counsel. It is against this statutory background that the issue presented here must be resolved.

In our view, this case presents a simple issue: What should be done with a noncapital post-conviction petition that contains multiple allegations—some of which are "frivolous" or "patently without merit" and some of which *cannot* be said to be either? Does the circuit court, in such situations, have the authority under the Act to dismiss, summarily, the frivolous or patently without merit allegations and send whatever allegations remain to the second stage, at which point counsel is appointed, if necessary, and the State is required to appear? We believe the language of the Act compels us to answer the latter question in the negative.

Section 122—2.1 expressly provides that "if the petitioner is sentenced to imprisonment and the court determines the *petition* is frivolous or is patently without merit, it shall dismiss the *petition* in a written order ***." "If the *petition* is not dismissed pursuant to this section, the court *shall order the petition to be docketed* for further consideration in accordance with Sections 122—4 through 122—6." (Emphases added.) 725 ILCS

5/122—2.1(a)(2), (b) (West 1998). Clearly, the Act does not speak in terms of dismissing individual claims that are either frivolous or patently without merit; the statute speaks solely in terms of the *petition* itself being frivolous or patently without merit, and the Act mandates that if the *petition* is not dismissed under section 122—2.1, then the trial court *shall* order the *petition* docketed. "Where the language of a statute is clear and unambiguous, a court must give it effect as written, without 'reading into it exceptions, limitations or conditions that the legislature did not express.' " *Garza v. Navistar International Transportation Corp.*, 172 Ill. 2d 373, 378 (1996), quoting *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 83 (1994). Under the plain language of the Act, in cases such as this, the circuit court must docket the *entire* petition, appoint counsel, if the petitioner is so entitled, and continue the matter for further proceedings in accordance with sections 122—4 through 122—6. The State is then given the opportunity to answer or otherwise plead.

We further note that section 122—2.1 states that a dismissal of a *petition* under that section "is a final judgment." 725 ILCS 5/122—2.1 (West 1998). This language would pose a problem if we were to interpret section 122—2.1 as permitting partial summary dismissals. As our appellate court has recognized, "[a]llowing partial dismissal raises serious questions about the judicial review process, since first stage dismissals are final and appealable judgments." *People v. Noel*, 291 Ill. App. 3d 541, 544 (1997). If a summary dismissal of only *portions of a petition* were to be viewed as proper under the Act, would the claims that have been partially dismissed be immediately appealable or would the question of the propriety of that order have to wait until the conclusion of the entire proceeding? Under either scenario, the result would be piecemeal appellate litigation. Moreover,

if, after a partial summary dismissal is entered, counsel is appointed and counsel proceeds to redraft the previously dismissed claims, what real practical value does the partial summary dismissal serve? In our view, section 122—2.1 provides for a simplified procedure in order to ensure that the criminal justice system's limited resources are expended where most needed. To permit partial summary dismissals under the Act would only add unnecessary confusion to the first stage of the post-conviction process and would hamper judicial administration. We therefore reject the State's contention.

Support for our conclusion that partial summary dismissals are ill-advised in this context can be found in the legislative history of section 122—2.1. Our review of the history reveals that our construction of the statutory framework of section 122—2.1 not only conforms to the language of the statute, but is faithful to the intentions of the General Assembly when it enacted the provision. This legislative history demonstrates that the General Assembly did not intend for anything other than a total and final dismissal to be had under section 122—2.1 For example, Senator Sangmeister, one of the sponsors of the legislation, told members of the Senate that the purpose of the amendment was to have a judge look at a petition to determine "whether or not the petition has *any* merit. Once the judge looks at it and says, 'I don't think this has any merit' and tosses it out, that's the *end* of it. If ... if he feels it has merit, then he looks to see whether the ... the defendant is indigent and then if he is, he does either appoint the public defender or other counsel ***." (Emphases added.) 83d Ill. Gen. Assem., Senate Proceedings, May 19, 1983, at 172 (statements of Senator Sangmeister). Similar sentiments were expressed in the House debate. Representative Johnson, another sponsor of the legislation, stated that, under the amendment, "[t]he court has to examine the petition and to determine

whether the petition was filed frivolously and obviously without merit. If it is filed frivolously and obviously without merit, then those further steps that are necessary to be taken in terms of appointment of counsel and so forth, *aren't necessary*. If, in fact, \*\*\* a petition that is not frivolous and has merit, then those normal procedures take place." (Emphasis added.) 83d Ill. Gen. Assem., House Proceedings, June 21, 1983, at 87 (statements of Representative Johnson). Representative Johnson also spoke of how the amendment contemplated a procedure "where a quick look at the record in the case will show that the petition is *absolutely* untrue. There is no need to go to the expense of appointing a court appointed lawyer, of bringing the individual back from the penitentiary. It only addresses *that type of petition*." (Emphases added.) 83d Ill. Gen. Assem., House Proceedings, June 21, 1983, at 89 (statements of Representative Johnson). As these comments reveal, the sponsors spoke of ending with finality those petitions which in their *totality* are frivolous and patently without merit. Partial summary dismissals, as allowed in this case by the circuit court, do not further these legislative goals. Moreover, we note that when the General Assembly amended section 122—2.1 in 1989, it did not add any language which would indicate an intent to depart from the principles invoked on the floors of both legislative chambers in 1983. In our view, the summary dismissal stage of the post-conviction proceeding does nothing more than allow the circuit court to act strictly in an administrative capacity by screening out those petitions which are without legal substance or are obviously without merit.

Our decision today is not without precedent. Although we acknowledge that opinions of the appellate court are not binding on this court, we do take note that our analysis of this issue is consistent with that reached by our appellate court. See *People v. Patton*, 315 Ill. App.

3d 968, 975 (2000); *People v. Noel,* 291 Ill. App. 3d 541, 544 (1997). Indeed, no published opinion by any Illinois court of review has reached a contrary interpretation of section 122—2.1 on this question. We affirm these appellate court decisions by holding today that summary partial dismissals made during the first stage of a post-conviction proceeding are not permitted under the Act.

Having decided that the Act does not allow for partial summary dismissals, we must next determine the effect of this rule on this case. As noted previously, the appellate court here concluded that the circuit court erred in entering the improper partial summary dismissal. The court believed that the error had the effect of tainting the post-conviction proceedings from the point in time that the improper order was entered. As a result, the appellate court believed that the cause had to be remanded "for further proceedings regarding the claims made by the defendant in his *pro se* petition. The trial court is directed to appoint counsel to represent the defendant and to proceed as though none of the proceedings that followed the partial dismissal had taken place." 315 Ill. App. 3d at 458. Simply put, the appellate court believed that the error in permitting a partial dismissal was so fundamental that the entire process needed to be started anew. As a result, the appellate court did not reach any of the remaining issues of defendant's post-conviction appeal. While there may be some cases in which remandments for new proceedings are warranted, we do not believe that the record supports sending this case back for the appointment of counsel and further pleadings.

After the circuit court here entered the partial summary dismissal order, which dismissed four counts of defendant's original petition, defendant filed an amended petition in which he raised additional claims. During that same time, the circuit court appointed counsel to defendant. Appointed counsel then met with defendant and

discussed, through an interpreter, the various post-conviction claims available to defendant. After these discussions, counsel filed an amended post-conviction petition, which refers to the previous pleadings and re-alleges some of the claims therein. In open court, counsel indicated that he had mailed the new amendment to defendant for his approval. At a status hearing held in defendant's presence and with the aid of an interpreter, counsel indicated that defendant had reviewed the pleading and that defendant believed it should be filed in that manner. The claims were then litigated—some were dismissed by the circuit court upon motion by the State, and the sole claim not dismissed was the subject of a full evidentiary hearing, after which it was denied. Thus, it is difficult to perceive how further proceedings in this matter will be of any benefit to anyone—defendant was given the opportunity to consult with appointed counsel, to discuss the claims that had been improperly dismissed, and to re-allege them if he so desired. For these reasons, we do not believe that the proceedings ordered by the appellate court are warranted. The record affirmatively shows that defendant was not prejudiced by the entry of the partial summary dismissal under these facts. We, therefore, vacate that part of the appellate court's judgment that remanded the matter to the circuit court. In light of this determination, we remand the matter to the appellate court for further proceedings on defendant's post-conviction appeal.

## CONCLUSION

The appellate court correctly held that partial summary dismissals are not permitted under the Act, and we affirm that portion of the court's judgment. The appellate court, however, erred in remanding the matter to the circuit court for further proceedings on defendant's *pro se* claims, and we vacate that portion of the court's

judgment. The matter is remanded to the appellate court for proceedings consistent with this opinion.

*Appellate court affirmed in part; vacated in part; cause remanded.*

JUSTICE FITZGERALD, specially concurring:

I agree with the result reached today by the majority. It is unnecessary to relitigate the claims summarily dismissed by the circuit court in the first stage of the post-conviction proceedings. However, it is unnecessary to relitigate the claims summarily dismissed in the first stage because, unlike the majority, I believe a circuit court has authority to summarily dismiss portions of the petition in the first stage of the post-conviction proceeding.

As repeatedly recognized by this court, we must give effect to the language of the statute as written. *People v. Woodard*, 175 Ill. 2d 435, 443 (1997); *Garza v. Navistar International Transportation Corp.*, 172 Ill. 2d 373, 378 (1996). A plain language approach is a simple approach, which obviates the need to discuss legislative history. *People v. Hickman*, 163 Ill. 2d 250, 261 (1994) (for purposes of construing a statute, courts should first consider the statutory language, and where statutory language is clear, it will be given effect without resort to other aids for construction). This court has also recognized that, "[a] fundamental principle of statutory interpretation is that we must give effect to the entire statutory scheme rather than looking at words and phrases in isolation ***. [Citation.] In other words, statutes should be construed as a whole, with each provision evaluated in connection with every other section." *Primeco Personal Communications, L.P. v. Illinois Commerce Comm'n*, 196 Ill. 2d 70, 87-88 (2001), citing *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000); see also *People v. Burpo*, 164 Ill. 2d 261, 267 (1995), citing

*People v. Haywood*, 118 Ill. 2d 263, 270 (1987) (courts must give construction that is consistent with the purpose and policies of the statute); *Santiago v. Kusper*, 133 Ill. 2d 318, 327 (1990) (courts must construe an act so the legislative scheme is harmonious and consistent in all its parts).

In the instant matter, the Act neither expressly permits nor prohibits partial first-stage summary dismissals of a post-conviction petition. It is apparent, however, from a review of the Act as a whole that partial summary dismissals in stage one of the post-conviction proceedings are consistent with the legislative scheme.

Several provisions of the Act grant a trial judge great latitude and discretion in post-conviction proceedings. See *People v. Wright*, 149 Ill. 2d 36, 54 (1992). For instance, section 122—5 extends post-conviction trial judges discretion to make any orders regarding pleadings or amendments that he or she finds proper, and allows the trial judge to determine whether to permit the withdrawal of the petition upon the petitioner's request. *Wright*, 149 Ill. 2d at 54. Additionally, section 122—6 grants the trial court discretion to receive evidence in support of the petition, such as affidavits, oral testimony, or depositions. *Wright*, 149 Ill. 2d at 54. Discretion is a necessary component of the Act, essential to address the volume of post-conviction litigation. Moreover, discretion permits the court to meet the needs of each particular petitioner, and achieve the overall goal of the Act—to provide relief from constitutional deprivations. Thus, I believe that partial summary dismissals in stage one of the proceeding are in accord with the overall legislative scheme of the Act which provides discretion to the trial court.

Additionally, the authority to order partial summary dismissals is a matter of the inherent authority a court possesses to control its own docket, and the proceedings

before it, through orders and actions that are neither authorized nor prohibited by the Act. *People ex rel. Daley v. Fitzgerald*, 123 Ill. 2d 175, 179-83 (1988); see also *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 65 (1995) (recognizing a trial court's inherent authority to dismiss a cause of action with prejudice for violations of court orders). In *Fitzgerald*, the defendant filed a post-conviction petition and issued subpoenas for the taking of discovery depositions of persons involved in the original trial proceedings. After the trial court denied its motions to block the taking of the depositions, the State sought a writ of *mandamus*, or, alternatively, a supervisory order, from this court to compel the trial court to vacate the orders granting discovery. We explained that post-conviction proceedings are *sui generis* in nature and, therefore, neither civil nor criminal discovery rules apply. *Fitzgerald*, 123 Ill. 2d at 181. Looking to the language of the Act, we noted that the Act is silent on whether a trial judge may order the taking of discovery depositions. *Fitzgerald*, 123 Ill. 2d at 179. However, because review under the Act is limited to a narrow range of constitutional issues that were not presented in the original proceeding, we held that the trial court clearly has inherent authority under the Act to order discovery to better manage the proceedings and avoid relitigating issues from the original proceeding. *Fitzgerald*, 123 Ill. 2d at 183.

Just as the Act is silent on a circuit court's authority to order discovery in post-conviction proceedings, the Act is also silent on the issue of partial summary dismissals of a post-conviction petition. Yet, partial summary dismissals permit a court to better manage its docket and the proceedings and avoid litigating issues which lack merit. Thus, pursuant to *Fitzgerald*, a trial court clearly possesses inherent authority to dismiss claims within a petition that are frivolous or patently without merit, rather than advance those claims for further consideration.

I do not find that this outcome restricts a petitioner's ability to redraft allegations that have been previously dismissed as frivolous in the first stage, and present those allegations to the court as amendments in the second stage of the proceedings. As discussed by the majority, counsel is appointed by the court to represent petitioners in the second stage of the proceedings if the court finds that the petition contains allegations that state the gist of a constitutional claim. Section 122—4 of the Act, and Supreme Court Rule 651(c), ensure that counsel reviews the allegations with the petitioner, examines the record, and makes necessary amendments, so the petition is presented in an adequate legal form. 725 ILCS 5/122—4 (West 2000); 134 Ill. 2d R. 651(c); *People v. Johnson*, 154 Ill. 2d 227, 238 (1993). Neither the provisions of the Act, nor holdings by this court, limit the right to amend a petition once the court finds that the petition contains non-frivolous claims. Rather, this court has stated that counsel may make any necessary amendments to the original petition, without limitation. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996); *People v. Owens*, 139 Ill. 2d 351, 358-59 (1990). This interpretation is also consistent with the language of Rule 651(c), which states that counsel may make "any" amendments to the petition. 134 Ill. 2d R. 651(c). Accordingly, an attorney may redraft allegations previously dismissed in stage one of the proceedings if he or she believes it is possible to articulate a more meaningful and meritorious claim.

This interpretation does not hamper judicial administration or add confusion to the post-conviction process. In fact, it does the opposite. It preserves the limited resources of both the bar and the bench, and focuses the proceedings upon claims which have potential merit. Accordingly, I believe that partial summary dismissals are permitted in the first stage of a post-conviction proceeding.