SIXTH DIVISION 

December 5, 2003

No. 1-01-0123

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee, 

v.

JOHNNIE PLUMMER,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Edward M. Fiala,

Judge Presiding.

PRESIDING JUSTICE O’MARA FROSSARD delivered the opinion of the court:

Defendant, Johnnie Plummer was convicted of first-degree murder and attempted armed robbery.  His convictions were affirmed on direct appeal in 
 People v. Plummer
, 318 Ill. App. 3d 268 (2000).  The facts are fully discussed in the previous opinion and will only be repeated as is necessary for resolution of the relevant issues.  Defendant filed a 
pro se 
petition for post-conviction relief.  The allegations of defendant’s petition are set forth as necessary in the following opinion.  The trial court at the first stage of the post-conviction process dismissed defendant’s petition as frivolous and patently without merit.  Defendant appeals.

POST-CONVICTION HEARING ACT

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 
et seq
. (West 2000)) provides a mechanism by which criminal defendants can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution and the Illinois Constitution.  
People v. Mahaffey
, 194 Ill. 2d 154, 170 (2001).  A post-conviction petition is a collateral attack on a prior conviction.  
Mahaffey
, 194 Ill. 2d at 170.  

In a noncapital case, the Act creates a three-stage procedure for post-conviction relief.  
People v. Boclair
, 202 Ill. 2d 89, 99 (2002).  At stage one, the trial court, without input from the State, examines the petition to determine whether it is frivolous or patently without merit. 725 ILCS 5/122-2.1 (West 2000).  If the petition is not dismissed at stage one, it proceeds to stage two, where section 122-4 of the Act provides for the appointment of counsel for an indigent defendant.  725 ILCS 5/122-4 (West 2000).  At stage two the State has the opportunity to either answer or move to dismiss the petition (725 ILCS 5/122-5 (West 2000)), and the trial court determines whether the petition makes a substantial showing of a constitutional violation (
People v. Coleman
, 183 Ill. 2d 366, 381 (1998)).  If the petition is not dismissed at stage two, it proceeds to stage three, where the trial court conducts an evidentiary hearing.  725 ILCS 5/122-6 (West 2000).  An evidentiary hearing on the petition is required when the allegations of the petition, supported by the trial record and the accompanying affidavits, demonstrate a substantial violation of a constitutional right.  
People v. Mitchell
, 189 Ill 2d 312, 322 (2000).

The instant case presents a 
pro se 
petition dismissed at the first stage of the post-conviction process.  At the first stage, the trial court must determine whether the petition is frivolous or patently without merit.  725 ILCS 5/122-2.1(a)(2) (West 2000).  “A post-conviction petition is considered frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the ‘gist of a constitutional claim.’ ”  
People v. Edwards
, 197 Ill. 2d 239, 244 (2001), quoting 
People v. Gaultney
, 174 Ill. 2d 410, 418 (1996).

In the instant case, defendant’s allegations involve claims of ineffective assistance of trial and appellate counsel.  Such claims are resolved by application of the 
Strickland
 standard.  
Strickland v. Washington
, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  Claims of ineffective assistance of appellate counsel are measured against the same standard as claims of ineffective assistance of trial counsel.  
People v. Caballero
, 126 Ill. 2d 248, 269-70 (1989).  A defendant must demonstrate both a deficiency in counsel’s performance and prejudice resulting from the deficiency.  
People v. Edwards
, 195 Ill. 2d 142, 162 (2001), citing 
Strickland
, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.  To demonstrate performance deficiency, a defendant must establish that counsel’s performance was below an objective standard of reasonableness.  
Edwards
,
 
195 Ill. 2d at 163.  Prejudice is demonstrated if there is a reasonable probability that, but for counsel’s deficient performance, the result of the proceeding would have been different.  
Strickland
,
 
466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.  A defendant who claims that appellate counsel was ineffective for failing to raise an issue on appeal must allege facts demonstrating such failure was objectively unreasonable and that counsel’s decision prejudiced defendant.  
People v. Enis
, 194 Ill. 2d 361, 377 (2000).  If the underlying issue is meritorious, the defendant has suffered prejudice.  
Enis
, 194 Ill. 2d at 377.

The petition alleges ineffective assistance of trial and appellate counsel with regard to the following issues: (1) failure to request a continuance in order to obtain Erica Frazier’s mental health records; (2) failure to subpoena at trial Aaron Johnson, who allegedly heard an officer claim to have “put another murder on” defendant; and (3) failure to challenge various prosecutorial arguments that allegedly deprived defendant of a fair trial.  At this stage, summary dismissal is reviewed 
de novo
.
 
 
Coleman
, 183 Ill. 2d at 388-89.  

Our review of the record reflects that under the terms of the Act, first-stage dismissal in the instant case could not properly be based upon 
res judicata
 (725 ILCS 5/122-2.1(a)(2), (c) (West 2000)
), waiver, or procedural default (725 ILCS 5/122-5, 122-6 (West 2000)).  In the instant case, 
t
he issues alleging ineffective assistance of trial and appellate counsel were not in fact previously decided.  Therefore, under the terms of the Act, the record substantively rebuts
 res judicata
 as the basis for first-stage dismissal. 725 ILCS 5/122-2.1(a)(2), (c) (West 2000).
  We further note the Illinois Supreme Court has repeatedly recognized that waiver or procedural default may not preclude an ineffective assistance claim for what trial or appellate counsel allegedly ought to have done in representing a criminal defendant.  See
 People v. Erickson
, 161 Ill. 2d 82, 88 (1994) (and cases cited therein). 

Claims of ineffective assistance of counsel frequently implicate matters outside the record or require resolution of disputed facts. “[W]hen a petitioner’s claims are based upon matters outside the record, this court has emphasized that ‘it is not the intent of the [A]ct that [such] claims be adjudicated on the pleadings.’ ”
  Coleman
, 183 Ill. 2d at 382, quoting 
People v. Airmers
, 34 Ill. 2d 222, 226 (1966).  In the context of the ineffective assistance of trial and appellate counsel alleged by defendant, neither waiver nor procedural default can provide the basis for first-stage dismissal. 
 Coleman
, 183 Ill. 2d at 382; 725 ILCS 5/122-5, 122-6 (West 2000).  
The Illinois Supreme Court in
 Coleman 
recognized that factual disputes raised by the pleadings cannot be resolved by a motion to dismiss at either the first stage under section 122-2.1 or at the second stage under section 122-5 but, rather, can only be resolved by an evidentiary hearing:

“Thus, at the dismissal stage of a post-conviction proceeding, whether under section 122-2.1 or under section 122-5, the circuit court is concerned merely with determining whether the petition’s allegations sufficiently demonstrate a constitutional infirmity which would necessitate relief under the Act.  Moreover, our past holdings have foreclosed the circuit court from engaging in any fact-finding at a dismissal hearing because all well-pleaded facts are to be taken as true at this point in the proceeding.” 
 Coleman
, 183 Ill. 2d at 380-81, citing
 People v. Caballero
, 126 Ill. 2d 248, 259 (1989), and
 People v. Wegner
, 40 Ill. 2d 28, 31-32 (1968) (recognizing that factual disputes raised by the pleadings require a determination of the truth or falsity of the supporting affidavits or exhibits, a determination which cannot be properly made at a hearing on a motion to dismiss, but rather can only be resolved through an evidentiary hearing).

Based on the first-stage procedural posture of the instant case, the relevant question is first, whether the
 pro se
 petition alleges the gist of a constitutional deprivation, and second, whether the petition was substantively rebutted by the record, rendering it frivolous or patently without merit. 
 Edwards
, 197 Ill. 2d at 245;
 Coleman
, 183 Ill. 2d at 382.

PETITION ALLEGES CONSTITUTIONAL DEPRIVATION UNREBUTTED 

BY RECORD RENDERING THE PETITION NEITHER FRIVOLOUS 

NOR PATENTLY WITHOUT MERIT

Consistent with the terms of the Act and the purpose of the first stage, we address whether the petition alleges a constitutional deprivation. 725 ILCS 5/122-2.1 (West 2000).  The
 pro se
 petition alleges ineffective assistance of trial and appellate counsel regarding the failure to obtain mental health records from the Social Security Administration (SSA) containing impeachment of the State’s principal witness, Erica Frazier.

It is not contested that defendant’s conviction was based on Frazier’s testimony and fingerprint evidence.  The testimony offered by Frazier was the result of conversations she allegedly overheard or actually had with defendant.  Defendant contends that trial counsel’s failure to obtain the records revealing Frazier’s hallucinations deprived defendant of the opportunity to demonstrate that Frazier’s mental illness undermined her ability to perceive the events surrounding the murder.  Defendant further argues that trial counsel’s failure to obtain the records deprived defendant of the opportunity to directly impeach Frazier’s credibility, as previously, under oath during an 
in camera
 examination outside the presence of the jury, she had denied experiencing hallucinations.

The State contends defendant failed to demonstrate that he was prejudiced by his trial counsel’s failure to obtain Frazier’s records.  In support of its argument the State relies on the fact that the trial court’s denial of defense counsel’s posttrial motion relying on the SSA records demonstrates that disclosure of the SSA records would not have made a difference in the trial court’s ruling denying cross-examination of Frazier regarding her mental health.  However, the trial record directly rebuts that contention.

The record reflects that had counsel obtained the SSA records before trial and presented the information to the court during the 
in camera
 examination of Frazier outside the presence of the jury, 
the court would have allowed cross-examination of the State’s principal witness regarding her hallucinations.  In prohibiting defense counsel from cross-examining Frazier regarding her mental health, the trial court specifically relied upon Frazier’s denial during
 
the 
in camera
 examination that she had experienced hallucinations and indicated as follows:

“The [onus] 
is upon you seeking the introduction of their 
line of questions on cross-examination to establish relevancy.  Now this lady [Frazier] testified she suffers from depression and she -- at that time at least and she also is an epileptic.  
But she says she has no visions, doesn’t hallucinate
.  She answer [
sic
] no lack of memory.  Under [
People v.
] 
Lindsey
, 73 Ill. App. 3d 436 (1979), evidence may be introduced for the purpose of attacking the perception and memory of a witness as to events about which he or she testified.  Before such evidence may be introduced, however, its relevance to the witness’s credibility must be established.  The onus is on the party seeking to introduce this line of questioning on cross-examination, the defendant in this case, to establish relevancy.

***

My inclination would have been and I would very likely allow this line, but after I heard this lady testify.  After I have had a chance to consider [
People v.
] 
Helton 
[153 Ill. App. 3d 726 (1987),
] and considered your case.  It’s in my materials.  I am going to preclude this introduction because I feel this line of questioning because I feel you haven’t demonstrated a burden of showing relevancy.  I am going to limit your cross-examination.”
  (Emphasis added.)

The record reflects that the trial court would have allowed cross-examination regarding Frazier’s mental health had defense counsel informed the court, before its ruling, that the SSA records revealed Frazier’s hallucinations.  The record rebuts the State’s argument that the SSA records would have made no difference in the trial court’s ruling.  Moreover, we note the records directly contradicted Frazier’s testimony that she did not hallucinate, but were not used by defense counsel to impeach Frazier’s credibility because defense counsel failed to obtain the records before Frazier testified.

Strickland
 makes it clear that “strategic choices made after less than complete investigation are reasonable, precisely to the extent that reasonable professional judgments support the limitations on investigation.”  
Strickland
, 466 U.S. at 690-91, 80 L. Ed. 2d
 at 695, 104 S. Ct. at 2066.  Defense counsel’s decision to cross-examine Frazier without the SSA records was necessarily one made after an incomplete investigation.  The record reflects that by not obtaining Frazier’s mental health records until after trial, defense counsel was unable to demonstrate the relevancy of the inquiry regarding Frazier’s mental health history and unable to impeach Frazier’s credibility. 
 People v. Helton
,
 
153 Ill. App. 3d 726, 733 (1987).
  Only if it was objectively reasonable for defense counsel to limit investigation in this way may defense counsel’s failure to present evidence to impeach Frazier’s ability to perceive events surrounding the murder and failure to impeach Frazier’s credibility be considered reasonable.

In the context of the ineffective assistance claim, the issue to be determined is whether the petition alleges the gist of a constitutional deprivation unrebutted by the record.  The defendant’s right to confront witnesses against him, including cross-examination for the purpose of impeaching the ability to perceive relevant events or impeaching credibility, is guaranteed by both the federal and state constitutions.  U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8.  Such cross-examination may concern any matter that goes to explain, modify, discredit, or destroy the testimony of the witness.  
People v. Aughinbaugh
, 36 Ill. 2d 320, 325-26 (1967).  The jury is entitled to the details of the theory of defense so it can make an informed judgment, and thus the right to cross-examine is satisfied when counsel is permitted to “expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness.” 
Davis v. Alaska
, 415 U.S. 308, 318, 39 L. Ed. 2d 347, 355, 94 S. Ct. 1105, 1111 (1974).

In the instant case, Frazier’s mental health records, although obtained only after trial, revealed that Frazier had experienced hallucinations.  However, during trial, under oath, Frazier had denied experiencing hallucinations during an
 in camera
 examination outside the presence of the jury.  She also testified that she had no problem distinguishing fantasy from reality.  Without the information regarding the hallucinations, provided by the records obtained after trial, defense counsel failed to cross-examine Frazier’s ability to perceive events and failed to impeach her credibility.

We note Frazier provided significant testimony regarding the defendant’s 
conduct on the evening of June 16, 1991, a few hours before the shooting of Mrs. East, the victim in this case.  According to Frazier, defendant and Malcolm Sharkey were selling drugs in the area of 61st
 Street and Halsted Street and they were armed with a gun.  Frazier testified that defendant stated he hoped someone would walk by so he could stick him up for his gold chain.  She also overheard defendant mention that he hoped a rival gang member would stop at the stoplight to that he could rob him of his chain.  A few hours later,
 Mrs. East, a passenger in a car stopped at the stoplight on 63rd
 Street and Halsted Street, was shot once in the head by a man sticking a gun through the car window.

Frazier testified that two days after the shooting, defendant and Sharkey were at her home.  Frazier jokingly told defendant that she knew he was the one who committed the murder and that the victim was her cousin.  Frazier testified that defendant apologized to her, and she eventually told him that she was only kidding.  Frazier indicated that the defendant seemed relieved.  A forensic scientist matched the fingerprints found on the car in which Mrs. East was shot with those of defendant.

The information from the SSA records regarding Frazier’s history of hallucinations would have allowed defense counsel to cross-examine Frazier regarding her ability to perceive the events she testified about during trial.  The information from the records regarding Frazier’s history of  hallucinations would have allowed defense counsel to cross-examine Frazier about her previous statement under oath that she had no history of hallucinations.  In the context of the instant case, the alleged ineffective assistance of trial counsel regarding the various issues surrounding the State’s principal witness, Frazier, demonstrated the gist of a constitutional deprivation unrebutted by the record at the first stage of the post-conviction process.

We take no position on defendant’s ability to prove his ineffective assistance claims; however, we find his petition and the record warrant proceeding to the second stage of the post-conviction process.  Defendant alleged the gist of a constitutional deprivation which was substantively unrebutted by the record.  At the second stage the State will be given the opportunity to answer the petition or file a motion to dismiss.  We note the petition, together with the record, raise questions regarding whether trial counsel’s failure to obtain the records revealing Frazier’s hallucinations prevented defense counsel from demonstrating that Frazier’s mental illness impaired her perception and directly impeached her testimony that she never experienced hallucinations.  The petition and record also raise questions regarding whether the trial court’s restriction on cross-examination based on defense counsel’s failure to demonstrate the relevancy of Frazier’s psychiatric history deprived the jury of information regarding Frazier’s credibility or ability to accurately perceive the events to which she testified.  The petition and record raise questions as to whether the failure to investigate and obtain Frazier’s records was outcome determinative.  It is undisputed that Erica Frazier was the State’s principal live witness.

The petition also alleges that trial counsel was ineffective for failing to subpoena at trial Aaron Johnson, who allegedly heard an officer claim to have “put another murder on” defendant, and that  trial counsel was ineffective for failing to challenge improper prosecutorial argument.  In connection with those allegations, the petition also alleges corresponding claims of ineffective assistance of appellate counsel.  We are prepared to individually address the remaining allegations raised in defendant’s
 pro se
 petition.  However, we believe the
 Rivera
 case precludes us from doing so.
 
 People v. Rivera
,
 
198 Ill. 2d 364, 373 (2001)
.  “Summary partial dismissals made during the first stage of a post-conviction proceeding are not permitted under the Act.”  
Rivera
, 198 Ill. 2d at 374.  Partial dismissal is not allowed if any allegation raises the gist of a constitutional deprivation, substantively unrebutted by the record, because in keeping with its administrative role, and consistent with the simplified purpose of the first stage, the circuit court is to docket the entire petition for second-stage resolution.  
Rivera
, 198 Ill. 2d at 373.  

Following the 
Rivera
 analysis, our appellate review of a post-conviction petition containing multiple allegations will adhere to the
 Rivera 
holding that the Act does not provide for partial dismissals.  
Rivera
, 198 Ill. 2d at 374. 
 As such, we believe
 Rivera
 would not allow appellate affirmance of a part of a trial court order dismissing one of multiple allegations when another allegation is found not to be frivolous or patently without merit.  As noted in
 Rivera
:

“Clearly, the Act does not speak in terms of dismissing individual claims that are either frivolous or patently without merit; the statue speaks solely in terms of the 
petition
 itself being frivolous or patently without merit, and the Act mandates that if the 
petition
 is not dismissed under section 122-2.1, then the trial court 
shall
 order the 
petition
 docketed.  ***  [Citations.]  Under the plain language of the Act, in cases such as this, the circuit court must docket the 
entire
 petition, appoint counsel, if the petitioner is so entitled, and continue the matter for further proceedings in accordance with sections 122-4 through 122-6.  The State is then given the opportunity to answer or otherwise plead.”  (Emphases in original.)  
Rivera
, 198 Ill. 2d at 371. 

In accordance with 
Rivera
, our finding that the allegation of the petition regarding counsel’s failure to obtain Frazier’s mental health records was unrebutted by the record, and therefore, meritorious, requires the entire petition to be advanced to the second stage of the post-conviction process
.  At the second stage the State will be given the opportunity to answer, move to dismiss, or otherwise plead.
  
For the reasons previously discussed, the post-conviction petition is not frivolous or patently without merit.  Therefore, on remand the circuit court must docket the
 entire
 petition and consider the matter at the second stage of the post-conviction process in accordance with sections 122-4 through 122-6 of the Act.  725 ILCS 5/122-4 through 122-6 (West 2000).

After trial and before sentencing, the defendant filed a 
pro se 
motion alleging that trial counsel was ineffective.  On appeal, defendant argues that appellate counsel was ineffective for not raising the trial court’s failure to inquire into defendant’s allegations.  Defendant admits this issue was not raised in his petition.  However, several of the arguments raised by defendant after trial and before sentencing have been raised in the post-conviction petition, including claims of ineffective assistance of trial and appellate counsel.  As previously noted, those claims will be addressed at the second stage of the post-conviction process.  

CONCLUSION

Consistent with the terms of the Act, at the second stage, the circuit court may appoint counsel if defendant is indigent and requests such appointment.  725 ILCS  5/122-4 (West 2000).  The circuit court may also give petitioner the opportunity under section 122-5 to amend his petition at the second stage.  725 ILCS 5/122-5 (West 2000).  At stage two, the State will have the opportunity to either answer or move to dismiss the petition.  725 ILCS 5/122-5 (West 2000).

For the reasons previously discussed, the petition is not frivolous or patently without merit, but alleges the gist of a constitutional deprivation which is not rebutted by the record.  The dismissal order is vacated; the entire petition is to be docketed for second-stage consideration consistent with this opinion and consistent with the terms of the Post-Conviction Hearing Act, including sections 122-4 through 122-6.  725 ILCS 5/122-4 through 122-6 (West 2000).

Reversed and remanded for proceedings consistent with this opinion.

GALLAGHER and SMITH, JJ., concur.