**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170704-U

Order filed April 3, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0704 Circuit No. 08-CF-2176 |
| DEMOND A. BARNES, | ) ) ) | Honorable Carmen Julia Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices McDade and O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*: The circuit court's order dismissing defendant's postconviction petition at the second stage of postconviction proceedings is reversed and the matter is remanded for new second-stage proceedings because the court improperly dismissed some of the claims raised in defendant's initial petition at the first stage of proceedings and the record did not affirmatively show that defendant did not suffer prejudice.

¶ 2      Defendant, Demond A. Barnes, appeals the dismissal of his postconviction petition at the second stage of postconviction proceedings. Defendant contends that the Will County circuit court

erred in ordering the partial dismissal of his *pro se* postconviction petition at the first stage of postconviction proceedings. We reverse and remand with directions.

¶ 3                                        I. BACKGROUND

¶ 4            Following a jury trial, defendant was convicted of four counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1) (West 2008)), unlawful restraint (*id.* § 10-3(a)), and obstructing justice (*id.* § 31-4(a)). Prior to the trial, defendant had pled guilty to failure to register as a sex offender (730 ILCS 150/6 (West 2008)). Defendant received consecutive sentences of natural life imprisonment on the four counts of aggravated criminal sexual assault. Defendant received sentences of three years' imprisonment for each of the remaining three offenses, to run concurrently with each other and with his life sentences. On direct appeal, we affirmed the judgment of the circuit court.

¶ 5            Defendant filed a *pro se* postconviction petition raising 13 claims, including a claim that his trial counsel was ineffective for failing to call Stephanie Nielsen as a witness.[1] The petition stated that defendant had tried to obtain an affidavit from Nielsen, but he was unable to do so because he was incarcerated, indigent, and unable to locate Nielsen without assistance.

¶ 6            The circuit court dismissed all the claims raised in the petition except for the claim relating to trial counsel's failure to call Nielsen as a witness. The court entered a written order stating that this claim survived first-stage review. The court appointed counsel to represent defendant.

¶ 7            Defendant filed a motion to dismiss postconviction counsel and to proceed as a self-represented litigant. In the motion, defendant stated that his postconviction counsel had informed him that he would only proceed on one issue concerning trial counsel's failure to call a witness.

_____

[1]In various parts of the record, this witness is referred to as "Stephanie Nielsen," "Stephanie Nielson," "Stephanie Nelson," and "Stephanie Nilsen." We refer to the witness as "Stephanie Nielsen" throughout this order for the purpose of consistency.

The motion said that postconviction counsel refused to even consider the other issues because they were "against Judge and the State." The motion stated that defendant asked postconviction counsel to raise several other issues, but counsel "would not listen to nothing [*sic*] defendant said." Defendant stated that his only option was to represent himself and present the issues he wanted to raise.

¶ 8        At a hearing on the motion to dismiss postconviction counsel and to proceed as a self-represented litigant, defendant stated that his postconviction counsel was not listening to him and did not care what he had to say. The court admonished defendant that if he had counsel, he would have the ability to have an investigator. Defendant said he wished to represent himself, and the court granted his motion.

¶ 9        Defendant filed an amended postconviction petition raising five claims, including the claim that trial counsel was ineffective for failing to call Nielsen as a witness. Defendant did not submit an affidavit from Nielsen. In the amended petition, defendant stated that he did not have the means to hire an investigator to locate Nielsen and obtain an affidavit from her. The State filed a motion to dismiss arguing, *inter alia*, that defendant's failure to attach an affidavit from Nielsen was fatal to his claim.

¶ 10        After a hearing, the court granted the State's motion to dismiss. Regarding the claim that trial counsel was ineffective for failing to call Nielsen, the court stated that defendant did not submit an affidavit from Nielsen and that it did not have enough information to determine whether Nielsen's testimony would have changed the outcome.

¶ 11                                II. ANALYSIS

¶ 12        Defendant argues that this case should be remanded for further second-stage proceedings because the circuit court erroneously dismissed some, but not all, of his claims at the first stage of

3

postconviction proceedings. The State concedes that the court erred in failing to advance the whole petition to the second stage of postconviction proceedings but argues that further proceedings are unnecessary because defendant was not prejudiced by this error. For the reasons that follow, we hold that further postconviction proceedings are warranted in this case.

¶ 13    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) "provides a remedy for incarcerated defendants who have suffered a substantial violation of their constitutional rights at trial." *People v. Johnson*, 2018 IL 122227, ¶ 14. Postconviction proceedings under the Act contain three stages. *Id.* At the first stage, the circuit court must independently review the postconviction petition and determine if it is frivolous or patently without merit. *Id.*; 725 ILCS 5/122-2.1(a)(2) (West 2014). If the court does not find the petition to be frivolous or patently without merit, the court advances the petition to the second stage of proceedings, where counsel may be appointed to represent the defendant. *Johnson*, 2018 IL 122227, ¶¶ 14-15.

¶ 14    In *People v. Rivera*, 198 Ill. 2d 364, 371 (2001), the court held that individual claims may not be dismissed as frivolous or patently without merit at the first stage of postconviction proceedings. The court reasoned:

> "[T]he Act does not speak in terms of dismissing individual claims that are either frivolous or patently without merit; the statute speaks solely in terms of the *petition* itself being frivolous or patently without merit, and the Act mandates that if the *petition* is not dismissed under section 122-2.1, then the trial court *shall* order the *petition* docketed." (Emphasis in original.) *Id.*

The court stated that under the plain language of the Act, the entire petition must be advanced to the second stage if a claim in the petition states the gist of a constitutional claim. *Id.*

4

¶ 15    Here, it is undisputed that the circuit court erred in dismissing 12 of the 13 claims raised in defendant's *pro se* postconviction petition at the first stage of proceedings. The only issue left to determine is whether remand for further proceedings is warranted.

¶ 16    We find *Rivera* to be instructive on this point. The *Rivera* court held that the circuit court improperly dismissed four of the six claims raised in the defendant's postconviction petition at the first stage of proceedings. *Id.* at 366-71. The *Rivera* court found that further proceedings were unnecessary in that case because the record affirmatively showed that the defendant was not prejudiced by the improper partial summary dismissal. *Id.* at 375. The court noted that the defendant had discussed various postconviction claims with appointed counsel at the second stage of proceedings, and the defendant filed an amended postconviction petition through counsel that realleged some of his *pro se* claims. *Id.* The court also noted that at a hearing held in the defendant's presence, counsel indicated that the defendant had reviewed the amended petition and agreed it should be filed in that manner. *Id.* The court reasoned that it was "difficult to perceive how further proceedings in this matter will be of any benefit to anyone—defendant was given the opportunity to consult with appointed counsel, to discuss the claims that had been improperly dismissed, and to re-allege them if he so desired." *Id.*

¶ 17    In the instant case, the record does not affirmatively show that defendant was not prejudiced by the improper partial summary dismissal of his petition. Unlike in *Rivera*, the record does not indicate that defendant had the opportunity to reallege the claims that had been improperly dismissed at the first stage with the assistance of postconviction counsel at the second stage. Defendant indicated that he chose to represent himself because his appointed counsel would only raise the issue of whether trial counsel was ineffective for failing to call a witness, presumably

Nielsen. Defendant's motion to dismiss his postconviction counsel stated that counsel would not even consider raising other issues. There is nothing on the record contradicting these allegations.

¶ 18    Contrary to the State's argument, nothing in the record indicates that postconviction counsel elected not to raise the other issues from the *pro se* postconviction petition because counsel believed they lacked merit. While this is possible, nothing in the record affirmatively shows that counsel considered raising the other claims. It is plausible that postconviction counsel was unwilling to consider raising other issues because the court had already dismissed the other issues raised in the initial *pro se* petition.

¶ 19    Defendant's inability to obtain an affidavit from Nielsen also supports our holding that the record did not affirmatively show that defendant did not suffer prejudice. The allegations in defendant's *pro se* amended postconviction petition indicated that defendant was unable to locate and obtain an affidavit from Nielsen without the aid of counsel. The court expressly found that the claim concerning trial counsel's failure to call Nielsen warranted second-stage proceedings. The absence of Nielsen's affidavit was the court's primary basis for dismissing this claim at the second stage.

¶ 20    Essentially, defendant was forced to decide between being represented by counsel and having the opportunity to present claims that had been improperly dismissed by the circuit court. Thus, unlike in *Rivera*, the record in this case does not affirmatively show that defendant was not prejudiced by the circuit court's improper partial summary dismissal. Accordingly, remand for further second-stage postconviction proceedings is warranted to give defendant the opportunity to have appointed counsel consider all the claims raised in his initial *pro se* petition.

¶ 21                                III. CONCLUSION

¶ 22    The judgment of the circuit court of Will County dismissing defendant's postconviction petition at the second stage of proceedings is reversed. The matter is remanded for new second-stage proceedings. During these proceedings, the entire *pro se* petition shall be docketed for consideration. Counsel shall be reappointed to represent defendant if defendant so chooses. In the event that counsel is reappointed, counsel should consider all the claims raised in the *pro se* petition and advance any claims that counsel deems appropriate. To be clear, counsel is not required to raise issues from the initial *pro se* petition that counsel deems to be frivolous. See *People v. Greer*, 212 Ill. 2d 192, 205 (2004).

¶ 23    Reversed and remanded with directions.