# Illinois Official Reports

## Appellate Court

---

### *People v. Deltoro*, 2015 IL App (3d) 130381

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE O. DELTORO, Defendant-Appellant. |
| District & No. | Third District<br>Docket Nos. 3-13-0381, 3-13-0382 cons. |
| Filed | April 22, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Will County, Nos. 09-CF-23, 09-CF-675; the Hon. Edward A. Burmila, Jr., Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James Glasgow, State's Attorney, of Joliet (Laura E. DeMichael, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices McDade and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, Jose O. Deltoro, filed a petition for postconviction relief in which he claims that his trial counsel was ineffective and the trial court erred in failing to advise him of potential immigration consequences of his guilty plea. The petition was summarily dismissed, and the defendant appeals. We reverse and remand for second-stage proceedings.

¶ 2                                         FACTS

¶ 3     On September 10, 2010, the defendant entered negotiated guilty pleas to two counts of unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2008)), charged in separate cases under separate indictments, in exchange for two consecutive four-year terms of incarceration with two years' mandatory supervised release (MSR) on each sentence. The record indicates that the defendant was to be released from the Department of Corrections on MSR to federal immigration authorities on January 17, 2013.

¶ 4     On March 25, 2013, the defendant filed a postconviction petition in both of his criminal cases, alleging that both plea counsel and the trial court failed to advise him of potential immigration consequences of his guilty plea. The petition alleged the following facts.

¶ 5     The defendant was a legal permanent resident of the United States. The defendant was not advised by plea counsel that he could lose his status as a legal permanent resident and be deported from the United States as a consequence to pleading guilty to possession of a controlled substance with intent to deliver.

¶ 6     The defendant would not have pled guilty if plea counsel had fully advised him as to the potential immigration consequences. It would have been rational for the defendant to reject the plea deal because he had been legally living in the United States for over 35 years, all of his family and friends resided in the United States, and he no longer had any ties to Mexico, the country of his birth. The defendant further alleged that he was not guilty of the offenses with which he was charged and that he disputed the version of events read into the record during his plea, but he accepted the plea bargain–which carried a relatively short prison sentence–so that he could rejoin his friends and family in the United States as soon as possible. Narcotics offenses involving the intent to deliver almost always lead to deportation.

¶ 7     The trial court also failed to admonish the defendant of potential immigration consequences in violation of section 113-8 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113-8 (West 2008)). The defendant would not have pled guilty if he had been admonished of the potential immigration consequences of his plea. Thus, his guilty pleas were not knowingly and intelligently entered and therefore were involuntary.

¶ 8     The circuit court summarily dismissed the defendant's petition. The court reasoned that the defendant failed to provide any supporting documentation demonstrating that he advised his plea counsel that he was not an American citizen or that plea counsel was otherwise aware of

that fact "so as to trigger" plea counsel's duty to advise him as to the immigration consequences of his plea. Similarly, the trial court reasoned that the defendant failed to provide any supporting documentation with his petition indicating that he ever advised the trial court that he was not an American citizen "such as to trigger" the court's duty to admonish the defendant pursuant to section 113-8 of the Code.

¶ 9                                            ANALYSIS

¶ 10        On appeal, the defendant argues the trial court erred in summarily dismissing his postconviction petition. Because we find that the defendant has presented the gist of a constitutional claim for ineffective assistance of plea counsel, we reverse the trial court's judgment and remand the matter for second-stage proceedings.[1]

¶ 11        At the first stage, a circuit court may summarily dismiss a postconviction petition if the court determines that the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2012). A petition is frivolous or patently without merit if it has no "arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). The petitioner faces a low threshold at the first stage of postconviction proceedings where "[t]he allegations of the petition, taken as true and liberally construed, need only present the gist of a constitutional claim." *People v. Brown*, 236 Ill. 2d 175, 184 (2010). Our review of the trial court's summary dismissal of the defendant's petition at the first stage of postconviction proceedings is *de novo. Hodges*, 234 Ill. 2d at 9.

¶ 12        We review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). At the first stage of postconviction proceedings, a petition alleging ineffective assistance of counsel cannot be summarily dismissed by the circuit court if "(i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17.

¶ 13                              I. Deficient Performance of Counsel

¶ 14        The defendant argues that his plea counsel's performance fell below an objective standard of reasonableness because plea counsel failed to advise the defendant that he could face deportation as a result of pleading guilty to possession of a controlled substance with intent to deliver.

¶ 15        A criminal defendant receives constitutionally deficient assistance of counsel where counsel fails to advise a defendant that his guilty plea carries a risk of deportation. *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). "It is quintessentially the duty of counsel to provide her client with available advice about an issue like deportation and the failure to do so 'clearly satisfies the first prong of the *Strickland* analysis.' " *Id.* at 371 (quoting *Hill v. Lockhart*, 474 U.S. 52, 62 (1985) (White, J., concurring, joined by Stevens, J.)). Federal immigration law

---

[1] In light of our holding, we do not reach the defendant's alternative claim that the trial court erred in failing to admonish him of the potential immigration consequences of his plea. We note all claims contained in a petition advance to the second stage of postconviction proceedings after a reversal of a summary dismissal. *People v. Rivera*, 198 Ill. 2d 364, 371 (2001); *People v. Munoz*, 406 Ill. App. 3d 844, 855 (2010).

commands removal for all controlled substances convictions except trivial marijuana possession offenses. *Id*. at 368-69.

¶ 16 Here, the defendant's postconviction petition alleged that his plea counsel failed to advise him that he could lose his status as a legal permanent resident and be deported from the United States if he pled guilty to possession of a controlled substance with intent to deliver. These allegations, taken as true at the first stage of postconviction proceedings, are sufficient to establish that plea counsel's performance arguably fell below an objective standard of reasonableness under *Padilla*.

¶ 17 The State argues that the defendant has failed to adequately establish that his plea counsel's performance was deficient because the petition did not allege that his plea counsel knew or should have known that he was not a citizen of the United States. The parties have cited no Illinois case law, and we are not aware of any, which addresses the issue of whether criminal defendants must have informed their attorneys of their noncitizenship to succeed on ineffective assistance of counsel claims under *Padilla. Padilla* does not expressly require a criminal defendant to take the initiative to inform his attorney of his immigration status in order to trigger the attorney's duty to inform the client whether his plea carries a risk of deportation. See *Padilla*, 559 U.S. at 374. In fact, New York courts have held that such a requirement would undermine the holding of *Padilla*:

> "[T]o require that defendants apprehend the relevance of their noncitizenship status, and affirmatively provide this information to counsel, would undermine the protection that the *Padilla* Court sought to provide to noncitizen defendants. Indeed, it would lead to the absurd result that only defendants who understand that criminal convictions can affect their immigration status would be advised of that fact." *People v. Picca*, 947 N.Y.S.2d 120, 126 (N.Y. App. Div. 2012).

¶ 18 Thus, it is at least arguable that *Padilla* required the defendant's plea counsel to ask the defendant about his immigration status.

¶ 19 The State further argues that the defendant's petition was deficient because it failed to allege that plea counsel did not inquire about the defendant's immigration status. Consequently, the State argues, if the allegations in the petition are taken as true, it is possible that plea counsel asked the defendant about his immigration status and the defendant lied to plea counsel and said that he was a citizen of the United States. The contention that the defendant may have affirmatively misrepresented his immigration status to plea counsel is speculative and premature. Fact finding does not take place during first-stage postconviction proceedings. *People v. Coleman*, 183 Ill. 2d 366, 380-81 (1998). At the first stage, the petition's facts are taken as true and the defendant need only present the gist of a constitutional claim. *Brown*, 236 Ill. 2d at 184.

¶ 20                                      II. Prejudice

¶ 21 Turning to the second *Strickland* prong, the defendant contends that he suffered prejudice because (1) he would not have pled guilty had counsel advised him of the potential immigration consequences of his plea, and (2) there was a rational basis for him to reject the plea offer because all of his friends and family live in the United States and he contends that he was not guilty of the offenses charged.

- 4 -

¶ 22    A defendant is prejudiced in the plea context if there is a reasonable probability that absent trial counsel's deficient performance, the defendant would have pled not guilty and would have insisted on going to trial. *People v. Hall*, 217 Ill. 2d 324 (2005); see also *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Where a defendant claims that counsel failed to advise him as to the immigration consequences of his plea, the defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372. A defendant facing potential deportation may show that his decision to reject a plea offer and go to trial is rational without showing that he would have likely succeeded at trial. See *id.* at 368 ("We *** have previously recognized that ' "[p]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence." ' " (quoting *Immigration & Naturalization Service v. St. Cyr*, 533 U.S. 289, 322 (2001), quoting 3 Crim. Def. Tech. (MB) §§ 60A.01, 60A.02(2) (1999))). See also *United States v. Orocio*, 645 F.3d 630, 645 (3d Cir. 2011).

¶ 23    In *People v. Guzman*, 2014 IL App (3d) 090464, ¶ 34, we held that the defendant–who pled guilty to aggravated possession of stolen firearms–sufficiently showed that he was prejudiced by his attorney's failure to advise him that his conviction carried a risk of deportation where the defendant claimed: (1) he would not have pled guilty had he known of the immigration consequences; and (2) it would have been rational for him to reject the plea deal and go to trial because (i) his conviction at trial was not certain because evidence at his guilty plea hearing indicated that he had a plausible defense; and (ii) he had family living in the United States. *Id.* We reasoned:

> "[The] defendant's family ties and bonds to the United States provide a rational basis to reject a plea deal. [Citations.] As a result, defendant might have been willing to risk a lengthier prison sentence in exchange for even a slight chance of prevailing at trial and thereby avoiding deportation. Counsel's deficient performance deprived defendant of a chance to avoid deportation if he had prevailed at trial." *Id.* ¶ 35.

¶ 24    While the apparent existence of a plausible trial defense, as in *Guzman*, may make a defendant's showing of prejudice stronger, it is not *required* in order to show prejudice in cases involving counsel's failure to advise a defendant as to the immigration consequences of his guilty plea. Such a requirement makes sense in other contexts. For example, if a defendant claims that his counsel provided ineffective assistance by failing to discover exculpatory evidence or by failing to inform the defendant of a possible affirmative defense before inducing him to plead guilty, the prejudice to the defendant (if any) will depend on whether the presentation of the undiscovered evidence or the assertion of the affirmative defense at issue could have resulted in an acquittal at trial. See *Hall*, 217 Ill. 2d at 336; *Hill*, 474 U.S. at 59. However, that is not the case when counsel fails to advise a defendant of the risks of deportation, because the defendant may suffer prejudice in that instance regardless of the strength of his case at trial. As noted, to show prejudice in such cases, the defendant is only required to show that a decision to reject the plea bargain would have been "rational under the circumstances." *Padilla*, 559 U.S. at 372. A defendant facing potential deportation may show that his decision to reject a plea offer and go to trial would have been "rational" without showing that he would likely have succeeded at trial. See, *e.g.*, *Orocio*, 645 F.3d at 643 (ruling that, under *Padilla*, a "rational" decision not to plead guilty "does not focus solely on whether a defendant would have been found guilty at trial"). As the *Padilla* Court recognized, preserving a noncitizen defendant's right to stay in the United States may be more important to

the defendant than a potential sentence of imprisonment. *Padilla*, 559 U.S. at 368. See, *e.g.*, *Orocio*, 645 F.3d at 645. A defendant who fears deportation more than he does imprisonment might rationally choose to risk a lengthier prison sentence in exchange for even a slight chance of prevailing at trial and thereby avoiding deportation. Counsel's failure to advise his client of the risk of deportation prejudices the defendant by depriving him of that chance. Under such circumstances, it would be inappropriate and overly burdensome to require the defendant to show that he would have succeeded at trial in order to establish prejudice.[2]

¶ 25     Here, the defendant's allegations, taken as true, establish that he was arguably prejudiced by his plea counsel's deficient performance. The defendant alleged that he would not have pled guilty if plea counsel had fully advised him of the potential immigration consequences of his plea. Because the defendant pled guilty to an offense relating to a controlled substance, "his deportation was presumptively mandatory." *Padilla*, 559 U.S. at 368-69.

¶ 26     The defendant sufficiently alleged that it would have been rational for him to reject the plea bargain had he known about the immigration consequences of his plea. The defendant alleged that: (1) all of his friends and family reside in the United States, (2) he lacks any ties to Mexico, and (3) he has resided in the United States for 35 years. Additionally, the defendant alleged that he was not guilty of the charged offenses, and he disputed the version of facts given by the State at his guilty plea hearing. These allegations provide a rational basis for the defendant to reject the plea bargain. As the defendant's guilty plea would result in almost-certain deportation, the defendant may have rationally preferred to take his chances at trial.

¶ 27     Because the defendant's petition adequately alleged that his plea counsel's performance was arguably deficient and that he was arguably prejudiced by counsel's errors, we find he presented the gist of an ineffective assistance of counsel claim. Consequently, the trial court erred in summarily dismissing his postconviction petition at the first stage of proceedings.

¶ 28                                         CONCLUSION

¶ 29     The judgment of the circuit court of Will County is reversed and the cause is remanded for second-stage postconviction proceedings.

¶ 30     Reversed and remanded.

---

[2]We recognize that the First District of our Appellate Court has reached the opposite conclusion. See *People v. Gutierrez*, 2011 IL App (1st) 093499, ¶ 45. However, we find the *Gutierrez* court's analysis of this issue contrary to *Padilla*. We therefore decline to follow *Gutierrez*.