**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200144-U

Order filed August 12, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0144 Circuit No. 18-CF-998 |
| | ) | |
| SURIEL R. TORRIJOS, | ) ) | Honorable Daniel Rippy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Holdridge and Wright concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Defendant's postconviction petition alleged the gist of a claim of ineffective assistance of counsel for failing to advise him regarding potential immigration consequences of pleading guilty.

¶ 2    Defendant, Suriel R. Torrijos, appeals from the first-stage dismissal of his postconviction petition. Defendant argues that he presented the gist of an ineffective assistance of counsel claim. We reverse and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4     The State charged defendant with one count of unlawful possession of a controlled substance, cocaine (720 ILCS 570/402(c) (West 2018)). In January 2019, defendant pled guilty and was sentenced to 24 months' probation (*id.* § 410). Defendant did not appeal.

¶ 5     In February 2020, defendant filed a postconviction petition. The petition set forth that defendant was a Mexican citizen and not a United States citizen. His "current immigration status is that of DACA, Deferred Action for Childhood Arrivals." The petition alleged: (1) the court failed to admonish him of his right to a jury trial; (2) his plea was not knowingly, voluntarily and intelligently made because his counsel provided ineffective assistance by failing to inform him that his guilty plea would affect his immigration status; and (3) the court failed to admonish him that if he was not a United States citizen, his conviction could result in deportation, exclusion from admission to the United States, or denial of naturalization.

¶ 6     Defendant attached an affidavit which stated that prior to the plea, defense counsel knew he "had no immigration status in the country" and never informed defendant of the immigration consequences of pleading guilty. Defendant further attested that he was never informed he would face deportation "or be inadmissible from the United States." Additionally, defendant attested that had he known of these consequences he would not have pled guilty. Defendant's petition alleged that he also faces revocation of his DACA status.

¶ 7     As to the ineffective assistance of counsel claim, the petition argued that defense counsel's performance was deficient pursuant to *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010), which requires defense attorneys to advise their clients of the immigration consequences of pending charges where those consequences are clear. The petition quoted a portion of that case referencing a statute which provided for deportation of a noncitizen who violates a controlled substance law. The petition argued that defendant's attorney had a duty to inform him that his

guilty plea would result in his deportation. The petition further argued that defendant was prejudiced because he would not have pled guilty had he known he could be deported. The court dismissed the petition at the first stage. Defendant appeals.

¶ 8                                II. ANALYSIS

¶ 9        Defendant argues, *inter alia*, that the court erred in dismissing his postconviction petition because the petition stated the gist of a claim of ineffective assistance of counsel.

¶ 10        The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a process for a criminal defendant to assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The circuit court may summarily dismiss the petition at the first stage of proceedings if it is frivolous or patently without merit, such that it "has no arguable basis either in law or in fact." *Id.* at 16. At the first stage, the petition's allegations are "taken as true and liberally construed." *People v. Harris*, 224 Ill. 2d 115, 126 (2007). A defendant need only state the gist of a constitutional claim, which is a low threshold. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). "At this stage, a defendant need not make legal arguments or cite to legal authority." *Id.* Petitions alleging ineffective assistance of counsel may not be dismissed at the first stage "if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17. We review *de novo* the court's summary dismissal of a postconviction petition. *People v. Allen*, 2015 IL 113135, ¶ 19.

¶ 11        When deportation is a clear consequence of pending charges, a criminal defense attorney is required to correctly advise his or her client of that consequence. *Padilla*, 559 U.S. at 369 Where the law is not clear, a criminal defense attorney must "advise a noncitizen client that

3

pending criminal charges may carry a risk of adverse immigration consequences." *Id.* "A criminal defendant receives constitutionally deficient assistance of counsel where counsel fails to advise a defendant that his guilty plea carries a risk of deportation." *People v. Deltoro*, 2015 IL App (3d) 130381, ¶ 15. Defendant is prejudiced by the deficient performance if defendant would have pled not guilty and gone to trial absent the deficient performance. *Id.* ¶ 22. "Where a defendant claims that counsel failed to advise him as to the immigration consequences of his plea, the defendant 'must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.' " *Id.* (quoting *Padilla*, 559 U.S. at 372).

¶ 12        In this matter, defendant met the low threshold of stating the gist of a constitutional claim. Defendant's allegations, which we take as true, set forth that he was not a United States citizen, he informed counsel of his immigration status, counsel did not advise him of any immigration consequences of pleading guilty, and counsel did not advise him that he would face deportation. Moreover, "[b]ecause the defendant pled guilty to an offense relating to a controlled substance, 'his deportation was presumptively mandatory.' " *Id.* ¶ 25 (quoting *Padilla*, 559 U.S. at 369). Based on the foregoing, it is certainly arguable that counsel's alleged failure to advise defendant of the potential immigration consequences of his guilty plea fell below an objective standard of reasonableness.

¶ 13        Additionally, defendant attested that had he known about the potential immigration consequences he would not have pled guilty. While defendant ultimately must demonstrate that a decision to proceed to trial would have been rational, at this stage he need only show that such a choice would have been arguably rational. See *Hodges*, 234 Ill. 2d at 17. In that regard, it has been "recognized that ' "[p]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence." ' " *Padilla*, 559 U.S. at 368

4

(quoting *Immigration and Naturalization Service v. St. Cyr*, 533 U.S. 289, 322 (2001), quoting 3 Crim. Def. Tech. (MB) §§ 60A.01, 60A.02(2) (1999)). Further, "[a] defendant who fears deportation more than he does imprisonment might rationally choose to risk a lengthier prison sentence in exchange for even a slight chance of prevailing at trial and thereby avoiding deportation." *Deltoro*, 2015 IL App (3d) 130381, ¶ 24. Here, defendant's allegations indicate he may have rationally feared deportation more than a prison sentence or even a sentence involving no prison time. Based on the foregoing, it is arguable defendant was prejudiced by counsel's purported failure to advise him of the immigration consequences of his plea.

¶ 14    Because defendant has stated the gist of a claim that he received ineffective assistance of counsel, the circuit court erred in dismissing the petition at the first stage. We therefore reverse that dismissal and remand the matter for second-stage proceedings. Further, because partial dismissals are not permitted, we note that the petition is advanced to the second stage in its entirety, and therefore, we do not address the remaining allegations in the petition. See *People v. Rivera*, 198 Ill. 2d 364, 371 (2001).

¶ 15                                  III. CONCLUSION

¶ 16    The judgment of the circuit court of Will County is reversed and remanded for further proceedings.

¶ 17    Reversed and remanded.