**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200512-U

Order filed November 29, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0512 Circuit No. 12-CF-939 |
| SHIVAN ZEYNALI, | ) ) ) | Honorable Daniel L. Kennedy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Plea counsel and postplea counsel both failed to exercise due diligence in assisting defendant with his ineffective assistance of counsel claim.

¶ 2    Defendant, Shivan Zeynali, appeals from the Will County circuit court's order dismissing defendant's petition for relief from judgment. Defendant argues, among other things, that both plea counsel and the court failed to inform him of the immigration consequences of his plea, which involved mandatory deportation. We reverse and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4          On May 3, 2012, the State charged defendant with residential burglary. (720 ILCS 5/19-3(a) (West 2012)). Defendant entered a plea of guilty on July 26, 2013, in exchange for a sentence of seven years' imprisonment with a recommendation for admission into the impact incarceration program. Defendant was 20 years old at the time of his plea.

¶ 5          On August 22, 2013, defendant filed a motion to reconsider sentence which was allowed without objection. Defendant was resentenced, by agreement, to four years' imprisonment followed by two years' mandatory supervised release (MSR).

¶ 6          After defendant's release from the Department of Corrections (DOC) in December 2014, he was detained by the Immigration and Customs Enforcement (ICE) agency, as a conviction for residential burglary subjected defendant to deportation. See 8 U.S.C. § 1227(2)(A)(iii) (2012) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); *id.* § 1101(a)(43)(G) ("The term 'aggravated felony' means *** a burglary offense for which the term of imprisonment [is] at least one year.").

¶ 7          On January 14, 2015, plea counsel filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)). The petition sought to vacate defendant's guilty plea because defendant was not advised that he would be deported for a conviction for residential burglary. The petition stated that defendant escaped his birth country of Iraq at the age of five, had no family in Iraq, and no ties to Iraq. Defendant stated he would not have pled guilty had he been aware of the immigration consequences. Multiple attempts were made to have the petition heard but defendant's appearance was unable to be secured due to his federal detention. The petition was stricken from the court's docket without prejudice.

2

¶ 8        New postplea counsel for defendant reinstated the petition in October 2020 without objection. The State filed a motion to dismiss the petition under section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)) arguing that defendant failed to state a claim upon which relief could be granted as he had not shown plea counsel was ineffective and the claim of ineffective assistance was improperly raised and should have been brought in a postconviction petition and not under section 2-1401. Postplea counsel filed no response. At the hearing on the State's motion to dismiss on December 3, 2020, postplea counsel provided an affidavit from defendant supplementing the section 2-1401 petition. In it, defendant averred that he (1) had not been informed of the immigration consequences of his plea of guilty by plea counsel or the court, (2) would not have pled guilty had he known the immigration consequences, and (3) was currently on supervision with ICE and could be deported at any time. The court granted the State's motion to dismiss. Defendant appeals.

¶ 9                                    II. ANALYSIS

¶ 10       Defendant argues that (1) the circuit court erred in granting the State's motion to dismiss his section 2-1401 petition where his petition established a cause of action—ineffective assistance of counsel—upon which relief could be granted and where it was necessary to allow the claim to proceed as a section 2-1401 petition to achieve the ends of justice; (2) if the claim could not be heard as a section 2-1401 petition, both plea counsel and postplea counsel for defendant failed to exercise due diligence in assisting defendant by failing to bring or convert the petition to a postconviction petition; and (3) postplea counsel failed to exercise due diligence in representing defendant in section 2-1401 proceedings where he failed to respond to the State's motion or make cogent arguments at the hearing. We agree that defendant's petition presents an arguable claim of ineffective assistance of counsel and that plea counsel and postplea counsel failed to exercise due

3

diligence in assisting defendant for failing to bring this claim in an appropriate collateral proceeding to permit defendant to obtain relief.

¶ 11     Section 2-1401 of the Code provides a device by which final judgments and orders may be challenged more than 30 days after their entry. 735 ILCS 5/2-1401 (West 2020). The purpose of a section 2-1401 petition is to bring before the court facts not appearing in the record which, if known to the court and petitioner when judgment was entered, would have prevented its entry. *In re Charles S.*, 83 Ill. App. 3d 515, 517 (1980). A meritorious defense under section 2-1401 involves errors of fact, not law. *People v. Pinkonsly*, 207 Ill. 2d 555, 565 (2003). Section 2-1401 proceedings are not an appropriate forum for ineffective assistance claims because such claims do not challenge the factual basis for the judgment. *Id.* at 566.

¶ 12     A motion to dismiss under section 2-615 of the Code challenges the legal sufficiency of the petition based solely on defects on the face of the pleading. *In re Marriage of Van Ert*, 2016 IL App (3d) 150433, ¶ 14. A cause of action should not be dismissed under section 2-615 unless the petitioner cannot prove any set of facts that would entitle him to relief. *Id.*

¶ 13     In the present case, defendant raises no factual issues. Accordingly, the court did not err in granting the State's section 2-615 motion to dismiss the section 2-1401 petition. Defendant argues he was denied effective assistance of counsel, which is not a claim suitably brought in a section 2-1401 petition. Nevertheless, defendant asks us to find that hearing the ineffective assistance of counsel claim is necessary to achieve the ends of justice, citing *People v. Lawton*, 212 Ill. 2d 285, 298 (2004) in support of that contention. See *id.* ("Relief should be granted under section 2-1401 when necessary to achieve justice. To accomplish that goal, the statute is to be construed liberally."). The defendant in *Lawton*, having been subjected to sexually dangerous persons proceedings, brought an ineffective assistance of counsel claim in a section 2-1401 petition. *Id.* at

4

287. The court reasoned that because persons who face involuntary commitment as sexually dangerous persons have a constitutional right to effective assistance of counsel, yet no access to seek relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2002)), some other remedy must be found for them. *Lawton*, 212 Ill. 2d at 297-301. Here, defendant's section 2-1401 petition was filed shortly after his release from the DOC. Defendant was on MSR at the time of filing and, therefore, eligible to obtain relief under the Act. See *People v. McDonald*, 2018 IL App (3d) 150507, ¶ 17 ("persons who have been released from the penitentiary but are still in DOC custody in the form of an MSR term may still file postconviction petitions").

¶ 14        Next, defendant argues that, if we find the claim cannot be heard under section 2-1401, both plea counsel and postplea counsel failed to exercise due diligence in representing defendant— plea counsel when he filed the ineffective assistance claim within a section 2-1401 petition and postplea counsel when he failed to have the petition amended to a postconviction petition. In a 2-1401 proceeding, counsel is required to exercise due diligence. *People v. Stoecker*, 2020 IL 124807, ¶ 42. In the exercise of due diligence, "counsel has an obligation, to the best of his or her legal ability, to make a cogent argument in support of petitioner's section 2-1401 claims and to overcome any procedural hurdles where it can legally and ethically be done." *Id.* The State concedes that both plea counsel and postplea counsel's performance was deficient for failing to bring defendant's ineffective assistance claim in the appropriate format; however, it argues defendant cannot establish prejudice since defendant's underlying petition does not present an arguable claim of prejudice from his failure to be admonished by either plea counsel or the court. We disagree.

¶ 15        The Act provides a remedy for defendants whose convictions are tainted by a substantial denial of their constitutional rights. 725 ILCS 5/122-1(a) (West 2014). Since the Act requires a

constitutional question, it is the appropriate format to bring claims of ineffective assistance of counsel.

¶ 16    At the first stage of postconviction proceedings, a petition that alleges ineffective assistance of counsel may not be summarily dismissed if it is arguable that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the defendant was prejudiced. *People v. Hodges*, 234 Ill. 2d 1, 17 (2009). A criminal defendant receives constitutionally deficient assistance where counsel fails to advise a defendant that his guilty plea carries a risk of deportation. *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). "It is quintessentially the duty of counsel to provide [their] client with available advice about an issue like deportation and the failure to do so 'clearly satisfies the first prong of the *Strickland* analysis.' " *Id.* at 371 (quoting *Hill v. Lockhart*, 474 U.S. 52, 62, (1985) (White, J., concurring, joined by Stevens, J.)).

¶ 17    To show prejudice in the context of a plea, the defendant must demonstrate that but for plea counsel's error, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. *Lockhart*, 474 U.S. at 62. In cases such as this, where defendant claims that counsel failed to advise him as to the immigration consequences of his plea, defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372. "A defendant facing potential deportation may show that his decision to reject a plea offer and go to trial is rational without showing that he would have likely succeeded at trial." *People v. Deltoro*, 2015 IL App (3d) 130381, ¶ 22. Prejudice in cases involving counsel's failure to advise a defendant as to the immigration consequences of his guilty plea does not require the existence of a plausible trial defense. *Id.* ¶ 24.

¶ 18    Here, defendant's allegations, taken as true, establish that he was arguably prejudiced by plea counsel's deficient performance. Defendant alleged that he: (1) escaped from Iraq when he

was five years old, (2) had no family remaining in Iraq, and (3) had no ties to Iraq. Defendant also stated that he was under ICE supervision and could be deported at any time. Where defendant had been in the United States for 15 years, most of his life, with bonds and familial ties to this country, and where his family did not merely leave his birth country but fled from it, with no remaining ties to that country, a decision to reject the plea bargain could easily be viewed as rational, regardless of the strength of the case against him. See *People v. Guzman*, 2014 IL App (3d) 090464, ¶ 35 ("[D]efendant's family ties and bonds to the United States provide a rational basis to reject a plea deal. [Citations.] As a result, defendant might have been willing to risk a lengthier prison sentence in exchange for even a slight chance of prevailing at trial and thereby avoiding deportation.").

¶ 19        Because defendant's petition adequately alleged that his plea counsel's performance was arguably deficient and that he was arguably prejudiced by counsel's errors, we find he presented the gist of an ineffective assistance claim. Consequently, defendant was prejudiced by both plea counsel and postplea counsel's failure to bring and litigate his claim in the appropriate format, a postconviction petition. Defendant had been eligible to file a postconviction petition in 2015 when his section 2-1401 petition was filed, however, he is no longer eligible to file a petition under the Act. While the court did not err in dismissing the section 2-1401 petition for the reasons stated above, this was a result of plea and postplea counsels' lack of due diligence in filing the petition under an inapplicable statute and failing to seek leave to amend the petition to cite the applicable statute (the Act). It would be inappropriate to deny defendant an opportunity to pursue the applicable remedy because both plea counsel and postplea counsel failed to bring his claim under the Act rather than the Code. Accordingly, we must reverse the dismissal to reinstate defendant's 2015 petition, and remand to the circuit court for further proceedings with

directions that defendant be afforded the opportunity to amend his petition to a postconviction petition.

¶ 20                                III. CONCLUSION

¶ 21          The judgment of the Will County circuit court is reversed, and the cause is remanded for further proceedings with directions that defendant be afforded the opportunity to amend his petition to a postconviction petition.

¶ 22          Reversed and remanded with directions.